## LASSELLE *v.* GODFROY.

Scire facias on a mortgage; plea of payment; verdict for the plaintiff; and judgment for the amount of the verdict, to be levied on the mortgaged premises: *Held*, that this judgment—binding all the defendant's property, and jeoparding his person—was erroneous.

The scire facias, in such a case, is in the nature of a bill in chancery to foreclose a mortgage, which never looks beyond the mortgaged premises. The judgment on a verdict for the plaintiff should be—that the lands, tenements, and hereditaments, described in the mortgage, be taken in execution to sa-

May Term,   tisfy the plaintiff the amount of his damages so assessed by the jury, toge-
1824.       ther with costs.

LASSELLE   In a scire facias on a mortgage including both real and personal property, the
   v.         judgment for the plaintiff should be against the former only; the statute
GODFROY.      not authorizing this mode of proceeding on mortgages of personal estate.
           If the whole cause of action be shown in the writ of scire facias, no declara-
              tion need be filed.

Tuesday,    ERROR to the *Knox* Circuit Court.
May 11.
            HOLMAN, J.—Scire facias to foreclose a mortgage, by *Godfroy*
against *Lasselle*. *Lasselle* appeared and pleaded payment of
the mortgage money, upon which issue was joined. That issue
was tried by a jury, who found for the plaintiff and assessed his
damages at 761 dollars and 36 cents. A motion in arrest of
judgment was made, which was correctly overruled; no defects
appearing in the scire facias or return, which were not cured
by the defendant's appearance and the verdict. The Court
gave judgment that the plaintiff recover of the defendant the a-
mount of the verdict, &c., and that the said sum be levied on
the mortgaged premises.

This judgment is wrong. The scire facias is in the nature of
a bill in chancery to foreclose a mortgage, which never looks be-
yond the mortgaged premises. But a judgment like this, em-
braces all the property of the defendant and jeopardizes his
person, contrary to the evident intention of the contract. There-
fore nothing but the property mortgaged can be affected by
these proceedings. The judgment should have been, that the
mortgaged premises be taken in execution to satisfy the plaintiff
the amount of his damages, so assessed by the jury, together
with his costs. Another difficulty is here presented. Real and
personal property are both included in this mortgage; and the
act of assembly, by which those proceedings are authorized, ex-
tends to lands, tenements, and hereditaments only. The judg-
ment should have been that the lands, tenements, and heredita-
ments, set forth in the said mortgage, be taken, &c. (1). The
objection, that no declaration has been filed, does not present
itself, in this case, in a very imposing form; inasmuch as the de-
fendant has pleaded to the scire facias, and has had the merits
of his defence as fully heard as if a declaration had been filed.
We have looked into the books on this subject, and find the fil-
ing of a declaration, in scire facias, a mere matter of practice,
suited to the mode of proceeding in the *British* Courts, and ex-
isting more in form than substance. The mode of proceeding

regulated by our acts of assembly does not even contemplate a continuance of this practice.   We therefore feel warranted in determining that a declaration is unnecessary, where the whole case is made out in the scire facias (2).

*Per Curiam.*—The judgment is reversed, with costs.   Cause remanded for proceedings to judgment on the verdict, &c.

*Tabbs* and *Judah,* for the plaintiff.

*Dewey,* for the defendant.

(1) Stat. 1817, p. 189.—*Childs* v. *Eastburn,* ante, p. 118.—Vide Stat. 1823, p. 194.

(2) Vide *Clearwater* v. *Rose,* ante, p. 137.