## H. A. REYNOLDS v. B. J. McFADDEN.

1. Where a testator provided by his will, that his estate should be administered outside of the probate court, and the executor had turned over the estate to the devisee, it was competent for a creditor of the estate to bring suit on his claim in the District Court, directly against the devisee of the estate. (Paschal's Digest, Article 1372.)

2. The record in this case discloses that the estate of the testator was by virtue of his will administered outside of the probate court, but that the account sued on was allowed by the executor, and approved by the chief justice of the county court. *Held*, that the presumption is that the presentation had become necessary, and that the approval was legitimate and proper. The claim thereby became an established debt against the estate, and required no evidence, other than the account allowed and approved as the law required, to entitle the plaintiff to a recovery.

APPEAL from Johnson. Tried below before the Hon. Charles Soward.

There is no occasion for a statement of the facts.

*W. H. Griffen*, for appellant.

No brief for the appellee has reached the hands of the reporter.

OGDEN, J. The record in this cause is quite imperfect, and we have to deal pretty largely in presumptions in order to dis-

cover sufficient authority to warrant any action by this court in relation to the questions presented for our determination. But, as suggested by counsel for appellant, we may perhaps find sufficient in the record to enable us to decide the questions presented in the lower court. And in deciding the question raised by the first assignment of errors, we are of the opinion that the court did not err in overruling defendant's exceptions to plaintiff's petition. The estate of A. A. Whatley had been settled up and turned over, at least to a very considerable extent, to the devisee, and it was to him alone that the creditor could look for the payment of his debt. This suit was not brought, as supposed by counsel, under Article 1219, Hartley's Digest, but under Article 1372, Paschal's Digest; the latter part of which reads as follows: "or any of said creditors may sue the dis- "tributees, but no one of them shall be liable beyond his "just proportion according to the estate he may have received "in the distribution."—Article 1219, Hartley's Digest, was amended, and materially changed in 1862, so as to provide for the liability of executors alone, and therefore the former act can have no authority in the disposition of this cause. And the decision in Hogue v. Sims, 9 Tex., which is so confidently relied on by counsel, was a construction of that repealed or amended statute, and is therefore no authority in the decision of this cause. But Article 1372 provides for the distribution of an estate amongst the heirs or devisees, and it makes each heir or devisee liable to the creditors for the proportion of the estate which may have come into his hands. It is true that the creditors in the case at bar might have compelled the devisee to have given bond before he could have received any portion of the estate, but if the creditors preferred not to do so, they might still hold the devisee equally liable. We are therefore clearly of the opinion that when a testator provided by his will that his estate should not be administered in the probate court, and the executor had turned over the estate to the devisee, a creditor of the estate might bring his suit in the District Court directly against the person holding said estate.

The account sued on had been presented to the executor, and allowed by him, and the allowance was approved by the Chief Justice. Why the account was presented to the Chief Justice, since, by the provisions of the will, the probate court was to have no control over such matters, the record fails to inform us, but the presumption is, that the presentation had become necessary, and that the approval was legitimate and proper. That claim then had become an established debt against the estate, and required no evidence other than the account, allowed and approved as the law required, to entitle the plaintiff to a recovery. The court therefore did not err in receiving exhibit A as evidence of the indebtedness to the appellee. There certainly was some evidence adduced on the trial to support the judgment, and as the defendant offered none to impeach or rebut that evidence, we are not prepared to say that the judgment is erroneous. It is therefore affirmed.

Affirmed.