EDGAR O. DURFEE, JUDGE OF PROBATE, FOR THE BENEFIT OF
SOPHIA AND KATE LANTZ v. WILLIAM W. ABBOTT
AND ALEXANDER D. FOWLER.

*Executor's liability as residuary legatee—Sureties—Scire facias—Special
findings—Extension of time for payment of legacies—Joint
action for use of parties— Verdict.*

The objection that instead of a suit on a bond proceedings should have
been taken by scire facias on the footing of a former judgment for
the penalty of the same bond, is disregarded, on review, if not
properly raised by the pleadings.

The purpose of having special findings is to know what the rights of the
parties are, and to have them spread upon the records.

Requests for special findings cannot be refused on the ground that the
parties had agreed on the facts in the presence of the jury; the facts
must be set forth on the record, and until they are they cannot be
regarded as settled.

An executor's bond as residuary legatee ends the ordinary course of
administration, and the debts and legacies become personal charges
against the executor.

The probate court cannot extend the time within which a residuary
legatee, who is also executor, is required by the will to pay legacies.

A surety upon the bond of an executor who is also residuary legatee, is
released by the act of a legatee who, without the sureties' assent or
procurement, accepts the executor's note for the amount of the
legacy after the time limited by the will for paying it has expired.

An infant legatee's acceptance of the executor's note will not extend the
time for payment of the legacy unless the act is somehow ratified
after becoming of age; and if by that time the note is past due, its
mere retention will not extend the time or give it the character of
payment.

Where the interests of different persons are not joint, an action for their
use and benefit ought not to be brought for them jointly; and where
so brought their interests ought to be kept separate in any verdict
for either.

Error to Wayne. (Jennison, J.) April 24.—April 27.

DEBT on bond. Defendants bring error. Reversed.

*Alex. D. Fowler* for appellants. Where one suit has been brought on an executor's bond in the name of the judge of probate the remedy for any subsequent breach is by scire facias: Comp. L. § 4528; *Loring v. Kendall* 1 Gray 305; *Bishop v. Freeman* 42 Mich. 534: 1 William's Executors 534; Smith's Probate Law 232; a surety on an executor's bond is discharged if a creditor, by any arrangement, permits the executor to postpone performance of his obligations: *Chickasaw County v. Pitcher* 36 Ia. 593; *F. & M. Bank v. Kercheval* 2 Mich. 518; *Smith v. Shelden* 35 Mich. 49; *Hanson v. Donkersley* 37 Mich. 187; a minor who holds a note long after he becomes of age without disaffirming the arrangement is presumed to have ratified it: *Delano v. Blake* 11 Wend. 85; *Corey v. Burton* 32 Mich. 31.

*Fraser & Gates* for appellee.

CAMPBELL, J. Recovery was had below against John McKeown as principal and respondents as sureties on his bond as executor and residuary legatee of John T. McKeown, deceased, for legacies left to Sophia and Kate Lantz.

The defense rested chiefly on the ground of dealings which discharged the sureties. There are, however, some preliminary questions to be noticed.

The objection that the present suit should have been by scire facias, on the footing of a former judgment for the penalty of the same bond, would have prevailed if properly taken; but it is not raised by the pleadings.

Defendants asked that several very important questions should be submitted to the jury for special findings. A portion of these the court declined to submit, not because improper, but because the judge said the parties both agreed on the facts. There was no such agreement on the record, and reference was had to some supposed or actual understanding on the trial in presence of the jury. This was evident error. The object of having special findings is to know what are the rights of the parties, and to have them spread upon the record. Whether the jury draw their conclusions from the preponderance of evidence, or from

admissions in open court, can make no difference as to the necessity of having the facts declared on the record. Until this is done the facts cannot be regarded as settled. It would seem very strange if, when a party in open court should admit his adversary's case, that admission before the jury could be held as exempting them from rendering a verdict, so that a judgment might be given upon it. But such a holding would be no more incorrect in principle than one which should for similar reasons prevent a finding on any part of the case. This same question was decided in *Harbaugh v. Cicott* 33 Mich. 241.

The facts relied on as discharging the sureties were that on October 20, 1877, the executor delivered to each of the legatees now suing a promissory note for the amount of her legacy, payable in two years from date. Both legacies had then become due, and it was his duty to pay them, inasmuch as the will required their payment within two years, and the testator died and the will was proved before October 20, 1875. The probate court has no power to extend the time for paying legacies when the residuary legatee gives bond to pay debts and legacies. Such a bond puts an end to the administration in its ordinary course, and the debts and legacies become personal charges against him.

When these notes were given Sophia Lantz was of age, but Kate was not. It was not lawful to deal with the principal in such a way as to change the terms of his liability, without the consent of the sureties, and they were discharged if any such dealing took place without their assent or procurement. There is nothing in the record showing this assent. The proofs show, and it seems to be conceded, that Sophia and Kate both accepted notes and gave receipts, which were turned over to the sureties, who are interested in having the debts canceled.

We can see no legal reason for holding Sophia to be entitled to be relieved on account of any supposed mistake of law. If the sureties had contributed to deceive or overreach her, the case might be different. But they cannot be held responsible for the conduct of McKeown, assuming

50 Mich.—31

that the settlement was brought about by reliance on his advice. The law, however hardly it may result in particular cases, must hold parties to the consequences of their deliberate acts. The note which she accepted was given for the legacy and extended time on it two years. A court has no right to censure sureties for insisting on their legal rights, and it was error to so deal with the case as to authorize or induce the jury to disregard their rights or to deal with McKeown's acts as if the sureties were in any way responsible for them. While sympathy is naturally given to young women who have been honestly or dishonestly induced to accept payment in doubtful securities, it is not permissible to hold innocent persons responsible to them for such consequences.

Kate stands in a different position. She had no power to extend the time for paying her legacy, and she did not become of age until after the note given to her became due. Unless, therefore, she did some act after she came of age extending time or in some other way changing McKeown's liability, she is not barred of her action. Inasmuch as the note in her hands was past due when she came of age, we do not see how time was extended by retaining it, nor why it should be held to be payment unless so treated in fact.

It was claimed that she was a party to a transaction whereby a deed of lands was accepted in payment or in security for an extension of the two legacies. Whether she consented to any such arrangement is a question of fact which it belonged to the jury to determine. But we think the charge to the jury open to the criticism that it pressed upon them too strongly the judge's view of the facts. It is to be regretted that the suit was brought in its present form, as it makes some confusion, inasmuch as the interests of the parties are not joint, and it is quite possible their rights may not be governed by the same rules. On the present record the errors apply to the whole case, but their interests should be kept separate in any verdict that may be rendered hereafter in case of a recovery for either of them.

We do not refer to separate questions not likely to arise

again. For the errors mentioned the judgment must be reversed with costs of this Court, and a new trial granted.

The other Justices concurred.