WILLIAM N. MCROBERTS v. CHARLES W. LYON AND
WARNER BUNDAY.

[See 66 Mich. 676.]

*Set-off of executions—Bona fide assignment of judgment—Scire
facias.*

1. The assignment of a non-negotiable demand does not at the
   common law entitle the assignee to pursue remedies in his own
   name upon the contract, and the statute which allows it is
   only *permissive* in its provisions, and the assignee is still at
   liberty to sue in the name of the contracting party. *Sisson v.
   Railroad Co.*, 14 Mich. 496.

   So *held*, where the assignees of a portion of a judgment, as
   to which an execution had been returned satisfied, instituted
   proceedings in the name of the assignor by *scire facias* to
   revive it.

2. A set-off of executions under How. Stat. § 7708, cannot be
   made where there has been a *bona fide* assignment of a portion
   of the sum due on the first execution.

3. Under proceedings by *scire facias* to revive a judgment as to
   which an execution has been returned satisfied, and against
   which the defendant procured a set-off of an execution in his
   favor with knowledge of the *bona fide* assignment of a portion
   of the sum due on the first execution, the plaintiff may show
   these facts, although the effect may be to contradict the sheriff's
   return.

4. *Scire facias* is a judicial writ, founded upon some record, and
   requiring the person against whom it is brought to show cause
   why the party bringing it should not have the advantage of
   such record, or why, in some cases, the record should not be
   annulled and vacated. The writ presents the plaintiff's whole
   case, and stands for a declaration, to which the defendant
   must plead. Where it is brought to revive a judgment, it
   should state the facts on which it is founded in the manner of
   a declaration, that the defendant may properly plead. *Winder
   v. Caldwell*, 14 How. 434; *Wayman v. Southard*, 10 Wheat. 1;
   *Gedney v. Com.*, 14 Grat. 318; *Lasselle v. Godfroy*, 1 Blackf.
   297.

5. The pleadings in proceedings by *scire facias* are governed by the same rules as in ordinary actions, the writ standing for the declaration, but the defendant can only plead satisfaction or *nul tiel record*.

6. While our statute does not in terms authorize the issuing of a writ of *scire facias* from the circuit courts, yet it nowhere forbids it, and it may issue as a common-law writ. Const. Art. 6, § 8.

7. Where within the life of an execution legally issued against an appellant and his surety, against whom judgment was rendered on motion under How. Stat. § 7029, an agreement was made by the appellant with the officer whereby an execution in his favor against the plaintiff was set off against said first execution, with knowledge on his part of the *bona fide* assignment of a portion of the sum due on said first execution, which was returned satisfied, the surety cannot object to the revivor of said judgment by *scire facias*, on the ground that the statutory period of thirty days in which an execution could issue against his property has expired.

8. The purpose of a writ of *scire facias* is merely to continue the former suit to execution. The writ is not orginal, but a judicial, one, and when brought to revive a judgment can only issue out of the court where the judgment was rendered, or, if the judgment has been removed, out of the court to which it has been removed.

9. The use of the writ of *scire facias* has several times been recognized as proper in this State. *People v. Judge*, 35 Mich. 228; *Durfee v. Abbott*, 50 Id. 480; *Durfee v. Dean*, 52 Id. 387.

Error to Clinton.   (Smith, J.)   Argued November 8, 1889.   Decided December 28, 1889.

Action by writ of *scire facias* to revive an execution returned satisfied. Defendants bring error. Affirmed. The facts are stated in the opinion.

*H. & H. E. Walbridge,* for appellants.

*Fedewa & Lyon* and *O. L. Spaulding,* for plaintiff.

LONG, J.   A writ of *scire facias* was issued out of the circuit court for Clinton county in the following form:

" State of Michigan, ⎰
    Clinton County, ⎰ *ss.*

" *To the sheriff of the county of Clinton, greeting:*

"Whereas, William N. McRoberts lately, to wit, on January 9, 1886, in the circuit court for the county of Clinton, by the judgment of said court, recovered against Charles W. Lyon $300 for his damages which he had sustained by reason of the not performing of certain promises and undertakings then lately made by the said Charles W. Lyon to the said William N. McRoberts, and also $68.50 for his costs and charges by him about his said suit in that behalf expended, whereof the said Charles W. Lyon was convicted, as appears to us of record.

" And whereas, of the said damages the sum of $195 was lawfully and in good faith assigned by the said William N. McRoberts to one David G. Baxter on January 9, 1886, of which the said Charles W. Lyon then had due notice.

" And whereas, on November 3, 1886, there had been paid on said judgment of the said damages the sum of $90, but no part of the said $195 assigned as aforesaid to said Baxter had been paid, and there was then due and unpaid on the said judgment, of the damages aforesaid, the sum of $210, besides the costs and interest, in all amounting to $217.31.

" And whereas, on the said 3d day of November (execution of said judgment having been theretofore stayed by the court), an execution was duly issued out of and under the seal of the court, to the sheriff of said county of Clinton directed, commanding him to make of the goods and chattels, lands and tenements, of said Charles W. Lyon and one Warner Bunday, against whom, the said Bunday, judgment had been entered on motion as the surety of said Lyon on his appeal-bond, the amount of such judgment and costs, to render to said William N. McRoberts in 60 days from the issuing of the same.

" And whereas, on December 21, 1886, the said Charles W. Lyon recovered in the circuit court for the county of Clinton, by the judgment thereof against the said William N. McRoberts, the sum of $132.69 for his damages, and $22.60 costs.

" And whereas, on December 22, 1886, execution was duly issued on said judgment to the said sheriff directed.

"And whereas, the sheriff, then having the two execu-

tions aforesaid in his hands, erroneously, and without authority, thereupon set off the amount of said last execution in favor of said Charles W. Lyon against said McRoberts, against the said execution of said McRoberts against said Lyon and Bunday, to wit, the sum of $156.07.

" And whereas, the said sheriff also set off against said execution a further sum of $76.02, being the amount of an execution issued by William Brunson, a justice of the peace of the township of Bingham, in said county, on a judgment rendered by him in favor of said Charles W. Lyon against said William N. McRoberts, and, having collected the further sum of $61.24, returned said execution in favor of said William N. McRoberts against said Charles W. Lyon and his said surety, Warner Bunday, satisfied in full, although there was then due to said David G. Baxter, assignee of said William N. McRoberts, on the said judgment and said execution, the sum of $141.67 and interest, no part of which has been paid to him, and in which amount said judgment still remains and is unsatisfied.

" And now, on behalf of the said William N. McRoberts, in our said circuit court, we have been informed that although judgment be thereupon given, which he avers still remains in full force and effect, in no wise set aside, reversed, paid off, or satisfied, to the amount of the said $141.67 and interest, yet execution of the said judgment to the amount of the said $141.67 still remains to be made to him.

"Therefore the said William N. McRoberts hath besought us to provide him a remedy proper in this behalf; and we, being willing that what is just in this behalf should be done, command you that you make known to the said Charles W. Lyon and Warner Bunday, his surety as aforesaid, that they appear before the circuit court on February 15, 1888, that being a day in term of said court, to show if they know or have anything to say for themselves why the said William N. McRoberts ought not to have execution against him and his said surety, Warner Bunday, of the balance of said judgment, to wit, the said sum of $146.30, which is yet unpaid, according to the force, effect, and form of said recovery, if it shall seem expedient for him so to do, and further to do and receive what the court shall then and there consider them in this behalf, and have you then and there this writ.

"Witness the Hon. VERNON H. SMITH, Circuit Judge, at St. Johns, in said county, this 9th day of February, 1888.                    CHARLES H. PALMER, Clerk.

"To Charles W. Lyon and Warner Bunday:

"Take notice that, on filing an amended writ in this cause (of which within is a true copy), a rule was entered in the book of common rules, kept by the clerk of the court at his office in St. Johns, requiring you to appear and plead to said writ within 20 days after return-day of said amended writ and notice of said rule or judgment, etc.        J. H. FEDEWA and MARTHA STRICKLAND,
                              "Plaintiff's Attorneys."

The defendants demurred to the writ, the court overruled the demurrer, and defendants pleaded the general issue. The cause came on for trial before a jury, and verdict was found that the sheriff set off the executions in favor of *Lyon v. McRoberts* against the execution sought to be revived in this case without authority, and that the judgment remains unsatisfied to the sum of $141.67, and interest at 7 per cent. from December 26, 1886. Judgment was entered for plaintiff for this amount.

On the trial the several executions were offered in evidence, together with the sheriff's return thereon. The execution upon which this claim is made bears the following return:

"I do hereby return the within writ of execution satisfied in full, both 'as to damages and costs."

It was also shown that of the judgment of $300 obtained by William N. McRoberts against Charles W. Lyon and his surety, Warner Bunday, $195 was, on the day the judgment was taken in the circuit court, assigned to John H. Fedewa and D. G. Baxter, and of which assignment defendant Lyon was duly notified on the same day. This assignment was made to secure the payment to Fedewa and Baxter of that amount, and for a *bona fide* indebtedness.

Testimony was also given showing that on December 22, 1886, the plaintiff's execution was delivered to the sheriff, $90 having been paid thereon, leaving on that date, for damages, costs, and interest against Lyon and Bunday, the sum of $293.33. The sheriff offset against this the judgment and execution in the circuit court in the case of *Lyon v. McRoberts,* $156.07; judgment and execution from justice's court of *Lyon v. McRoberts,* $76.02—$232.09; leaving a balance of $61.24, which was paid to the sheriff in cash.

Fedewa and Baxter had received out of the moneys collected upon the judgment of *McRoberts v. Lyon and Bunday* certain sums, leaving their claim standing, on the day these executions were offset by the sheriff, at the sum of $141.67. This is the amount, with interest at 7 per cent. from December 22, 1886, that plaintiff sought to recover and did recover in the proceeding.

The proceeding was had in the name of McRoberts, the plaintiff in the execution, but in the interest and for the benefit of Fedewa and Baxter, who claimed the amount under the assignment of the judgment from McRoberts.

The facts are but little in dispute. The trial court, after reciting the facts to the jury, charged:

"If you find for the plaintiff that it had been assigned in good faith, and they [Fedewa and Baxter] have an interest, then your verdict should be that the execution is not fully satisfied, and should be revived for the amount of their interest."

This claim has been once before this Court on petition for *mandamus,* and is reported in 66 Mich. 676 (33 N. W. Rep. 753). It appeared in that proceeding that on motion made to the circuit court for Clinton county the sheriff's return was set aside and a new execution ordered. *Mandamus* was asked and granted in that proceeding, directing the circuit court to set aside the order, on the

ground, principally, that, the judgment having been regularly satisfied of record, it was not competent on motion to grant relief, it being said by this Court:

"The amount is large enough to furnish a basis for a bill in equity; or, if the judgment is really not satisfied, there are legal methods for settling that question. But it was not a question for interlocutory or discretionary action."

It is claimed by counsel for defendants that McRoberts has no interest in the judgment, as appears from the writ, and that there is no allegation in the writ, which takes the place of a declaration, that the assignee is pursuing his remedy in the name of the assignor. The writ, however, recites the assignment of the judgment as done in good faith, and of which the defendant Lyon had notice, and the whole proceeding was based upon the theory that there was an amount yet remaining unpaid on the execution which rightfully belonged to Fedewa and Baxter. There was no error in allowing the case to be prosecuted in the name of the original party to the judgment. The case is analogous to that where an agent enters into a written contract for his principal in his own name, and which the principal must enforce in the name of the contracting party. *Newcomb v. Clark*, 1 Denio, 226. The assignment of a non-negotiable demand does not at the common law entitle the assignee to pursue remedies in his own name upon the contract. The statute which allows it (Laws of 1863, p. 102) is only permissive in its provisions, and the assignee is still at liberty to sue in the name of the contracting party. *Sisson v. Railroad Co.*, 14 Mich. 496.

The statute under which the sheriff acted provides for a set-off, by allowing either party to put his own execution in the hands of the officer having one against him, and to require one to be indorsed against the other.

How. Stat. § 7709. The next section forbids the set-off in the case of a *bona fide* assignment. Here it is conclusively shown, and not disputed, that the assignment was made in good faith, and that defendant Lyon, who demanded the set-off, had full notice before the time of the rendition of the judgments and issuing of the executions in his favor against McRoberts, yet he procured the set-off to be made, and the execution against him to be returned satisfied in full. Had the sheriff had notice of these facts, and after such notice made the set-offs and returned the execution satisfied, an action could have been maintained against him for a false return.

It is contended, however, that the sheriff's return by this proceeding is impeached and overthrown by evidence *dehors* the record, and that this is error, as the return is conclusive. It is true that it is in rare cases that the officer's return can be contradicted, except in a direct proceeding by suit against the officer for a false return. Here, however, the defendant in the execution is charged with wrongfully procuring the set-off and return, knowing that a part of the judgment had been assigned to others which could not be thus affected or discharged by his own executions, and the proceeding is one directed against him who ought to pay the judgment. Even if an action for a false return could have been upheld, the sheriff might have had an action over against the defendants. By the use of the *scire facias*, this circuity of action is saved.

Under this form of procedure the plaintiff had a right to show the facts against the defendants in the execution, though its effect may have been to contradict the sheriff's return. It would be contrary to justice and reason to say that one may procure a false return to be made, and profit by it, and yet escape liability on the ground that such return must be held conclusive.

*Scire facias* is a judicial writ, founded upon some record, and requiring the person against whom it is brought to show cause why the party bringing it should not have the advantage of such record, or why, in some cases, the record should not be annulled and vacated. The writ presents the plaintiff's whole case, and stands for a declaration, to which the defendant must plead. Where it is brought to revive a judgment, it should state the facts on which it is founded in the manner of a declaration, that the defendant may properly plead. *Winder v. Caldwell,* 14 How. 434; *Wayman v. Southard,* 10 Wheat. 1; *Gedney v. Com.,* 14 Grat. 318; *Lasselle v. Godfroy,* 1 Blackf. 297. The pleadings are governed by the same rules as in ordinary actions, the writ standing for the declaration, and the defendant cannot plead any matter which might have been pleaded to the original action; satisfaction or *nul tiel record* being the only plea that can be made. The writ treated as a declaration in this cause sets out matter which would have justified a judgment for the plaintiff in case of the default of the defendant, and was properly brought. While our statute does not in terms authorize the issuing of such writs from the circuit courts, yet it nowhere forbids it, and it may issue as a common-law writ. The Constitution provides that the circuit courts shall have authority to issue other writs necessary to carry into effect their orders, judgments, and decrees. Const. Art. 6, § 8.

Counsel contend that by the use of this writ the rights of Mr. Bunday as surety are prejudicially affected. Section 7029, How. Stat., provides—

"That no execution issued on a judgment so entered on motion, against appellant and surety, shall be levied on the property of the surety unless such execution, if issued in the circuit court, is issued within thirty days * * * from the time when the same shall be legally issuable."

It is claimed that under this statute, if levy is made upon the property of the surety, it must be under an execution issued within the 30 days from the time of the rendition of judgment, and therefore an execution issued upon the judgment now obtained under this proceeding for a revival of the judgment could not be so levied.

The ·judgment against Lyon and Bunday, his surety, was rendered in the circuit court of Clinton county on January 9, 1886. Execution was stayed thereon by order of the court until November 3, 1886. This was within the time in which execution was legally issuable, within the terms of this statute. On December 22, 1886, and within the life of the execution, the arrangement was wrongfully made in the interest of defendants to satisfy the execution by this set-off. Neither the plaintiff nor his assignees of the judgment ever consented to the arrangement, and are now moving to be placed where they stood under the original execution. The purpose of the writ is merely to continue the former suit to execution. The writ. is not an original, but a judicial, one, and when brought to revive a judgment can only issue out of the court where the judgment was given, or, if the judgment has been removed, out of the court to which it has been removed. The use of this writ has several times been recognized as proper in this State. *People v. Judge,* 35 Mich. 228; *Durfee v. Abbott,* 50 Id. 480 (15 N. W. Rep. 559); *Durfee v. Dean,* 52 Id. 387 (18 N. W. Rep. 118).

In *Durfee v. Abbott, supra,* it was said:

" The objection that the present suit should have been by *scire facias,* on the footing of a former judgment for the penalty of the same bond, would have prevailed if properly taken; but it is not raised by the pleadings."

We are satisfied that *scire facias* was the proper remedy, and that there is no error appearing in the record. The

judgment of the court below must be affirmed, with costs.

The other Justices concurred.