[No. 2770. Decided July 12, 1898.]

Miles C. Moore *et al.*, *Executors*, *Respondents*, v. William H. Kirkman *et al.*, *Appellants*.

EXECUTORS — ADMINISTRATION OUT OF COURT — PRESENTATION OF CLAIMS.

Where a testator has disposed of his estate by vesting his executors with full authority to administer same without the intervention of the probate court, notice to creditors is not necessary;   and hence failure to present a claim within one year after publication of notice to creditors will not operate to bar action thereon.

Appeal from Superior Court, Walla Walla County.— Hon. Thomas H. Brents, Judge. Affirmed.

*Thomas & Dovell,* for appellants.

*William H. Upton,* and *B. L. & J. L. Sharpstein,* for respondents.

The opinion of the court was delivered by

Reavis, J.—Respondents are executors of the will of Dorsey S. Baker, deceased.   On January 19, 1892, William Kirkman, with another, executed his promissory note for $2,500 to respondents, as executors, and on April 25, 1893, he died, a resident of Walla Walla county, leaving estate therein, and his last will and testament disposing of his estate and appointing appellants as executors.

The will contained, among others, the following provisions:

" I do hereby expressly provide and direct that no bond or other security be required of said executors or any of them in the execution of their said trust, and that, so far as by law in any case can be done, they be relieved from

the supervision and interference and control of all courts,
answering only to the tribunal of their own consciences
for fidelity in their said office."

Provision is also made in the will that the executors take,
hold and be seized and possessed of and vested with the
title to the entire estate, for the purpose of carrying into
effect the will according to the spirit and meaning thereof,
and that the executors act by a majority, and that all con-
tracts, deeds, mortgages, conveyances, bonds and other
transactions in any way pertaining to the estate be as valid
and binding as if the testator himself had been living and
executed the same, and that in the discretion of the execu-
tors they should continue any traffic, business, enterprise,
or use in which they found any part of the estate on com-
ing into possession of it, or that they use or employ the
estate, or the proceeds of it, in any other business they
might regard for its best interests, and that generally the
executors are authorized and directed to manage, control
and dispose of the estate as a prudent owner and manager
should do.

The executors of Kirkman, deceased, on the 27th of
May, 1893, published notice to creditors of the estate to
present their claims against the deceased, duly verified, with
necessary vouchers, mentioning their office in the city of
Walla Walla, within one year from the date of the notice.
The notice was dated May 23, 1893. It was duly pub-
lished and an affidavit of the publication thereof made.
The will was presented for probate and duly proved and
established in the probate department of the superior court.
No order was made by the court providing for notice to
creditors. On the 23d of November, 1895, the respond-
ents presented the claim to appellants, as executors of the
estate of Kirkman, deceased, founded upon the promissory
note above mentioned. The claim was rejected by appel-

lants.  On the 15th of January, 1896, the respondents commenced this action to recover judgment on the note.

The appellants answered and set up the publication of the notice to creditors and alleged that the claim of respondents was barred because not presented within one year after the publication of the notice.  At the trial the plaintiffs put in evidence the promissory note, and proved its presentation to appellants and their rejection.  Defendants moved for a non-suit for the reason that it was not shown that the claim was presented within the time or at the place specified in the notice to creditors published, which was overruled.  Defendants then offered in evidence the notice to creditors, with the affidavit of publication. Plaintiffs objected to its reception on the ground that it was incompetent, irrelevant and immaterial, and not a notice authorized by law, and that publication was not authorized by the court.  The court sustained the objection to the introduction of the testimony.  The jury was dismissed from the consideration of the cause, the facts stipulated by the parties and found by the court as above stated.

Some questions have been made upon the form and date of the notice given to creditors by appellants, as executors of Kirkman, deceased; but the controlling question, in our view, is whether appellants, having undertaken to settle the estate without the intervention of the probate court, could give notice to creditors under the probate procedure provided in our statutes, which would limit the presentation of claims to one year from publication of the notice.  Section 955, 2 Hill's Code, provides, among other things as follows:

" In all cases where it is provided in the last will and testament of the deceased that the estate shall be settled in a manner provided in such last will and testament, and that letters testamentary or of administration shall not be required, it shall not be necessary to take out letters testa-

mentary or of administration, except to admit to probate such will in the manner required by existing laws; and after the probate of such will, all such estates may be managed and settled without the intervention of the court, if the said last will and testament so provides."

In *Newport v. Newport*, 5 Wash. 114 (31 Pac. 428), this section was before the court, and it was there observed:

" The provisions of the above statute are plain and explicit, and we see no reason· why full force and effect should not be given to it, in all cases coming clearly within its terms. The Revised Statutes of Texas of 1888 (art. 1942) contain a provision quite similar to our statute, and which the supreme court of that state, in several decisions . . . have construed and upheld. In *Lumpkin v. Smith*, 62 Tex. 251, it was held that, where a will is made under the statute, and the executor has qualified as therein required, the estate is withdrawn from the jurisdiction and control of the county court. . . . In this case we have no doubt that the respondents can do anything .which an ordinary executor could do in honestly administering the testator's estate, free from the control or supervision of the superior court. Their power is derived from the will, and their duty prescribed by it, and, so long as they faithfully comply with its provisions, their acts cannot be called in question."

Again, in *Smith v. Smith*, 15 Wash. 239 (46 Pac. 249) it was held, where trustees of the property of an estate, instead of executors, have been appointed by a will, the probate court has no jurisdiction of questions involving their management of the estate, but the same are cognizable in equity. *Pleasants v. Davidson*, 34 Tex. 459; *Reynolds v. McFadden*, 36 Tex. 129; *Durfee v. Abbott*, 50 Mich. 278 (15 N. W. 454); *Durfee v. Abbott*, 50 Mich. 479 (15 N. W. 559).

Sections 977 and 979, 2 Hill's Code (Bal. Code, §§ 6226, 6228), do not necessarily apply to estates settled without the intervention of the court. They were adopted as early

as 1855 (Laws 1855, p. 266), and § 955, *supra*, was enacted in 1868 (Laws 1868, p. 49). Section 955 was evidently intended to authorize one while living, and when competent, to provide for the management, disposition and distribution of his property after death, without administration in the probate court; and it cannot be said that administration is absolutely necessary for all estates. Frequently the management of a competent trustee may be much more beneficial to the interests of minor heirs and legatees than an administrator under the supervision of the probate court; and the interest of creditors equally protected. When creditors are paid, they have no further concern as to the management or disposition of the estate. In regular administrations the administrator must require the verification of each claim against the estate, with vouchers accompanying the same. He cannot dispense with this because such claims, with the evidence of their validity, must be submitted to the approval and judgment of the probate court. In the case of trustees or executors fully empowered to pay the debts and dispose of the property in their discretion, they may, without the formality of a presentation or vouchers, pay the debts; and, while a published notice is proper and may be convenient, it does not bind creditors. They are responsible for the faithful discharge of their trust. By the terms of the will before us they were to conduct the business of the estate of the deceased and pay the debts, as he himself would have done. There seems to be no question of inadequacy of assets to meet the demands of creditors arising here. If the testator has chosen to dispose of his estate without the intervention of the probate court, the procedure controlling the administration in probate is not applicable, and the notice to creditors published by appellants as executors was without any legal effect. Therefore, the note in suit was not

39—19 WASH.

barred for failure to present the claim within one year from the date of the publication of the notice.

This view disposes of the cause. The judgment of the superior court is affirmed.

DUNBAR, GORDON and ANDERS, JJ., concur.