[No. 13385.  Department Two.  July 10, 1916.]

A. SCHUBACH, *Appellant*, v. GLORVINA REDELSHEIMER *et al.*, as *Executors etc.*, *Respondents*.[1]

EXECUTORS AND ADMINISTRATORS—CLAIMS—PRESENTATION — EXECUTORS UNDER NONINTERVENTION WILL—STATUTES. The presentation of a claim to the court is not a condition precedent to an action against executors under a nonintervention will, in view of Rem. & Bal. Code, § 1444, authorizing the settlement of such estates without the intervention of court except to admit the will to probate and determine the solvency of the estate; and this, notwithstanding the proviso to the section to the effect that all claims must be paid within one year after notice to creditors.

SAME. Rem. & Bal. Code, § 1487, providing that when an executor is a creditor, his claim must be presented to the court, has no application to estates settled without the intervention of court under a nonintervention will under Id., § 1444, as the two methods of settling estates are distinct, and the court has no jurisdiction of claims under the latter.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 4, 1915, dismissing an ac-

[1]Reported in 158 Pac. 739.

tion upon a claim against an estate, upon sustaining a demurrer to the complaint.  Reversed.

*James Kiefer*, for appellant.

*Wright, Kelleher & Allen*, for respondents.

HOLCOMB, J.—This is an action to enforce payment of a claim against the estate of Julius Redelsheimer, who died testate in King county on February 5, 1914.  By the terms of his will, Glorvina Redelsheimer and Benjamin Moyses were appointed executrix and executor respectively thereof. The fact that it is a nonintervention will is not disputed. The will was regularly admitted to probate and the executors qualified.  A decree of solvency was entered on April 17, 1914.  The executors published notice to creditors, and within the year Benjamin Moyses, one of the executors, having a claim against the estate in the sum of $13,415.22, presented his verified claim in writing to his coexecutor Glorvina Redelsheimer, who rejected it.  Moyses then assigned his rights under the claim to appellant who, within ninety days from the date of rejection, instituted this action against respondents Moyses and Glorvina Redelsheimer as executors of the last will and testament of Julius Redelsheimer, deceased, for its recovery.  A demurrer to this complaint was interposed and sustained by the trial court.  Appellant having elected to stand upon the complaint, a judgment of dismissal was entered from which this appeal is taken.

The trial court was of the opinion that the presentation of this claim to the court was a condition precedent to this action, so a single question of law is presented by this appeal, viz.: Is it necessary, in order to enforce a claim against an estate being administered under a nonintervention will, that such claim be first presented to the court?

Rem. & Bal. Code, § 1444, provides:

"In all cases where it is provided in the last will and testament of the deceased that the estate shall be settled in a manner provided in such last will and testament, and that

letters testamentary or of administration shall not be re-
quired, and where it also duly appears to the court by the
inventory filed, and other proof, that the estate is fully sol-
vent, which fact may be established by an order of the court
on the coming in of the inventory, it shall not be necessary to
take out letters testamentary or of administration, except
to admit to probate such will, and to file a true inventory of
all the property of such estate in the manner required by
existing laws. And after the probate of such will and the
filing of such inventory all such estates may be managed
and settled without the intervention of the court, if the said
last will and testament shall so provide: . . ."

By the express provisions of this statute, after certain
things have been done, the court has nothing more to do in
probating the estate, and in the instant case these acts have
been performed as stated above and admitted by the de-
murrer, and the presentation of a creditor's claim to the
court is clearly not required by this statute as one of the
conditions to be performed before the estate can be settled
without the interference of the court.

We have held that, where the requirements of this statute
have been complied with, the jurisdiction of the probate
court ceases, except upon the happening of one or more of
the conditions provided in the statute which authorizes an
interference on the part of the court. *Clarke v. Baker*, 76
Wash. 110, 135 Pac. 1025; *In re Guye's Estate*, 63 Wash.
167, 114 Pac. 1041; *Moore v. Kirkman*, 19 Wash. 605, 54
Pac. 24; *Fulmer v. Gable*, 73 Wash. 684, 132 Pac. 641. In
the last cited case, we said:

"The estate being solvent, upon a showing of that fact it
passes from under the immediate jurisdiction of the court,
and the court would have no jurisdiction to enter an order
of sale. *English-McCaffery Logging Co. v. Clowe*, 29 Wash.
721, 70 Pac. 138; *Guye v. Guye*, 63 Wash. 340, 115 Pac.
731, 37 L. R. A. (N. S.) 186. Nor could it assume jurisdic-
tion unless there was a showing of 'failure to execute the
trust faithfully.' "

The object of this statute is to allow estates to be settled with the least possible court interference and to reduce the costs to a minimum, and it will be liberally construed to give it such force and effect.

It is evident that the probate court would have no power to pass upon this claim unless such power is conferred upon it by virtue of some of the conditions of Rem. & Bal. Code, § 1444. The only condition therein which could possibly have any bearing on this question is the following:

"But provided, that in all such cases the claims against such estate shall be paid within one year from the date of the first publication of notice to creditors to present their claims, unless such time be extended by the court, for good cause shown, for a reasonable time."

We fail to observe anything in this condition granting jurisdiction to the probate court to pass upon claims subsequent to the time the first portion of the section says the court shall lose jurisdiction. It is evident that this condition, which was not in the original act, was inserted for the purpose of giving the executor the legal authority to publish notice to creditors and thus put some limit to the time in which creditors might file claims; as previous to the amendment of Rem. & Bal. Code, § 1444, by inserting this condi-. tion, we held, in *Moore v. Kirkman,* 19 Wash. 605, 54 Pac. 24, that the notice to creditors published by the executor of a nonintervention will was unnecessary and without any legal effect.

Finally, it is suggested that this claim must be presented to the court in any event, because of Rem. & Bal. Code, § 1487, which provides that, when an executor is a creditor, his claim must be presented to the court, and the claimant Moyses was one of the executors. Our statutes provide two ways for probating estates under wills, one method being to probate the will under the direction of the court, and the other, as directed in Rem. & Bal. Code, § 1444, to settle it

without the intervention of the court after certain acts have been done. Respondents contend that Rem. & Bal. Code, § 1487, is *in pari materia* with the nonintervention statute and must be construed as modifying it as well as the other statutes providing for the probate of a will under guidance of the court.

*In re Guye's Estate,* 63 Wash. 167, 114 Pac. 1041, seems to answer this question adversely to respondents' contention, as it was there held in settling a nonintervention will that, after the statutory steps had been taken, the court lost jurisdiction and an order of the court making a family allowance by virtue of statutory authority would be void for that reason. The court further said:

"As we said in *Shufeldt v. Hughes,* 55 Wash. 246, 104 Pac. 253, our statutes provide two distinct methods of settling an estate under a will. One method is to probate the will under the direction of a court having jurisdiction in probate, and the other to settle it in the manner provided by the will, through an executor named in the will, without the intervention of the probate court. In the former method, the statutes cited by the appellant have full force and effect and govern the proceedings. But they have no application to the latter method."

When Moyses presented his claim to the coexecutrix, he did so as a claimant against the estate. It was not as if he had been sole executor. His coexecutrix could pass on the claim as fully as if she were the sole executrix and he a claimant merely.

We fail to see why the statute directing executors when creditors to present their claims to the court should in any manner modify the nonintervention statute to any greater degree than the statutes allowing a family allowance, and therefore regard *In re Guye's Estate* as controlling here. From these conclusions, it is apparent that the probate court would have been without jurisdiction to pass on the claim in controversy if presented to it, and that its presentation is not a condition to its recovery.

The judgment is reversed and the cause remanded with instructions to overrule the demurrer.

MORRIS, C. J., BAUSMAN, MAIN, and PARKER, JJ., concur.