SOCIETE NOUVELLE D'ARMEMENT v. BARNABY.*

(Circuit Court of Appeals, Ninth Circuit. October 15, 1917.)

No. 2914.

1. APPEAL AND ERROR �köm850(1)—REVIEW—SCOPE—"GENERAL FINDING"—"SPECIAL FINDING."

Under Rev. St. § 649 (Comp. St. 1916, § 1587), providing that, when issues of fact are tried to a federal court, the findings may be either general or special and shall have the same effect as a verdict, and section 700 (Comp. St. 1916, § 1668), providing that the rulings of the court in the progress of the trial, if duly excepted to, may be reviewed, and when the finding is special may extend to a determination of the sufficiency of the facts found to support the judgment, findings in an action tried to the court may be either general or special, the former being a complete determination of all matters, and the latter only a determination of the ultimate facts on which the law must be determined, and where the finding is general nothing is open to review but rulings during trial not included in the finding, though where the finding is special its sufficiency to support the judgment may be reviewed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Finding; Special Finding.]

2. APPEAL AND ERROR ⊃268(2)—REVIEW—EVIDENCE.

In an action tried to the court, the question whether a special finding is supported by any competent evidence may be raised by a request for special findings and an exception to those made, while in case of a general finding the matter can only be raised by a request generally for the aggrieved party and an appropriate exception to the refusal.

3. PLEADING ⊃432—COMPLAINT—SUFFICIENCY.

While on demurrer a complaint should be construed most strongly against the pleader, the complaint should, after answer and judgment, receive, if possible, such a construction as to support it.

4. LIMITATION OF ACTIONS ⊃27—CONSTRUCTION—ORAL CONTRACTS.

A contract partly written and partly oral falls within the statute of limitations applicable to oral contracts.

5. LIMITATION OF ACTIONS ⊃87(6)—STATUTE—ACCRUAL OF ACTION.

Plaintiff's right of action for compensation for acting as agent of defendant, a nonresident, within the state of Washington, did not accrue, so as to start running the three-year period of Rem. & Bal. Code Wash. § 168, until the appointment of his successor on whom process could be served, for service of summons will not be sustained, where on a person who is party plaintiff.

6. JUDGMENT ⊃956(1)—CONCLUSIVENESS—BURDEN OF PROOF.

Defendant, having asserted plaintiff's action was barred by his former recovery, has the burden of proving the contention.

7. APPEAL AND ERROR ⊃850(1)—REVIEW—SCOPE.

Where defendant in an action tried to the court made no request for special findings, a general finding for plaintiff is conclusive as to matters of fact involved.

8. EVIDENCE ⊃543(2)—EXPERTS—COMPETENCY.

One who had for nearly all his life followed the business of ship's agent and broker is competent to testify as to the value of one's services as ship's agent.

9. JUDGMENT ⊃954—SPLITTING CAUSES—EVIDENCE.

Where defendant contended plaintiff had split his cause of action and was barred because of his former recovery, evidence as to the nature of his causes of action was admissible.

**10.** APPEAL AND ERROR ⟨key⟩1050(1)—REVIEW—HARMLESS ERROR.
  The erroneous admission of evidence, where harmless, is no ground for reversal.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by J. R. Barnaby against the Societe Nouvelle d'Armement. There was a judgment for plaintiff, and defendant brings error. Affirmed.

James Kiefer, of Seattle, Wash., for plaintiff in error.
William H. Gorham, of Seattle, Wash., for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. It is stated by the complaint herein that:

"During said three years last past (the defendant) has maintained and is now maintaining a general agent at Seattle, Wash., for the more convenient transaction of its business in said state."
Par. 3. "That between the 29th day of October, 1910, and the 6th day of June, 1912, in the state of Washington and the Province of British Columbia, in the Dominion of Canada, plaintiff rendered services as a ship's agent to the defendant, at its special instance and request, in writing."
Par. 4. "That the reasonable value and worth of said services is the sum of five thousand ($5,000.00) dollars."

The plaintiff in error here was the defendant below.

The defendant, for answer, denied each and every allegation contained in paragraphs 3 and 4, and for a separate defense set up that the same matters set forth as constituting plaintiff's cause of action had been litigated in a previous action, and that the action was not begun or commenced within the time limited by the statutes of the state of Washington, to wit, within three years from the rendition of the services sued for.

The cause was tried by the court, without the intervention of a jury. The court filed a written opinion, but found generally for the plaintiff. The finding contains a statement, as follows: "Defendant excepted to all the foregoing findings, and its exception allowed."

There were no special findings asked or rendered. The record contains this statement, following the close of the testimony:

"And thereupon upon oral argument Mr. Gorham, attorney for plaintiff, contended that under all the evidence in the case plaintiff was entitled to judgment, and Mr. Kiefer on behalf of defendant contended that his objection to the admission of any evidence in support of the complaint must be sustained, and the evidence stricken, and further that in any event under all the evidence in the case the defendant was entitled to judgment."

In the opening statement of counsel for plaintiff, he indicated that he relied upon certain letters as evidencing the contract of employment, which contained no direct promise of compensation for the services rendered, and that such letters would be supplemented by oral tes-

timony as to the reasonable value of such services. Thereupon objection was made to the introduction of any evidence in support of the complaint, for the reason that it was apparent from the record that the action was barred. The court reserved its ruling until after the final argument. It was then agreed that all of plaintiff's evidence. should go in subject to the same objection. When the court made its findings, no ruling whatever was made in response to the objections, and consequently no exceptions were saved. The court, however, did consider the testimony offered and received, because otherwise it could not have found as it did for the plaintiff.

The first assignments of error relied upon are the fourth and fifth in order of assignment. The fourth predicates error upon overruling the objection of the defendant to the reception of any evidence in support of the complaint, and the fifth because the evidence shows plaintiff's cause of action was barred by the Washington statute of limitations.

The plaintiff seeks to meet these assignments on the grounds: First, that there was no ruling of the court with reference to the admission of the testimony, and no exceptions saved; and, second, that neither at the close of plaintiff's case, nor at the close of all the testimony, was there any ruling of the court excepted to upon motion for judgment or a challenge to the sufficiency of the evidence.

[1] This brings up for review the practice of the federal courts respecting the findings of the court where a cause is submitted without the intervention of a jury, and the manner of reserving objections and exceptions appropriate to a review of such findings on appeal.

When issues of fact in civil cases are tried to the court, its findings may be either general or special, and shall have the same effect as the verdict of a jury. Section 649, R. S. Section 700, R. S., provides that:

"The rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court; * * * and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

The Supreme Court has construed these sections of the statute to mean that they provide two kinds of findings in regard to the facts, namely, general and special. The general verdict is on all the issues for plaintiff or defendant, and a special finding or verdict is not a mere report of the evidence, "but a statement of the ultimate facts on which the law of the case must determine the rights of the parties; a finding of the propositions of fact which the evidence establishes, and not the evidence on which those ultimate facts are supposed to rest." Whether the finding be general or special, it has the same effect as the verdict of a jury; it is conclusive as to the facts found. The general verdict which includes, or may include, mixed questions of law and fact, is conclusive of both, except so far as they may be saved by some exception which the party has taken to the ruling of the court on the law. By a special verdict, the question is presented as it would be if tried by a jury, namely, whether the facts found require a judgment for plaintiff or defendant; and, this being a matter of law, the

ruling can be reviewed on the. record. Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608.

Where the issues of fact are submitted to the court and the finding is general, nothing is open to the review of the losing party except the rulings of the court in the progress of the trial, in which is not included the general finding of the court, nor the conclusion embodied in such general finding. Insurance Co. v. Folsom, 18 Wall. 237, 248, 21 L. Ed. 827; Cooper v. Omohundro, 19 Wall. 65, 69, 22 L. Ed. 47.

"Only rulings upon matters of law, when properly presented in a bill of exceptions," says the court in Stanley v. Supervisors of Albany, 121 U. S. 535, 547. 7 Sup. Ct. 1234, 1238, 30 L. Ed. 1000, "can be considered here, in addition to the question, when the findings are special, whether the facts found are sufficient to sustain the judgment."

And it has been expressly held that, where the only matter presented by the bill of exceptions which the court is asked to review arises upon an exception to the general finding of the court upon the evidence adduced at the trial, no law is presented which the court can review. Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862.

Such is the interpretation of the statute.

[2] But where a finding is supported by no competent evidence, a question of law is presented which is reviewable on appeal. The inquiry pertains to the practice or the manner by which such a question may be raised or brought into the record. Judge Taft has lucidly stated the practice, in Humphreys v. Third Nat. Bank (6th Ct.) 75 Fed. 852, 855, 21 C. C. A. 538, 542. If a party, having submitted his case to the court, wishes to raise any questions of law upon the merits on review, "he," says the distinguished jurist, "should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be-sustained by any evidence; and, if he wishes to except to the conclusions of law drawn by the court from the facts found, he should have them separately stated and excepted to. In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits. A general finding in favor of the party is treated as a general verdict. A general verdict cannot be excepted to on the ground that there was no evidence to sustain it. Such a question must be raised by a request to the court to direct a verdict on the ground of the insufficiency of the evidence."

A request, however, to the court, if opportunely made, to find for the aggrieved party generally, upon refusal duly excepted to, will put the matter at large and compel a review of the facts to determine whether there is any sufficient evidence to uphold the general finding, in like manner as if a request had been made to the court to direct a verdict on the ground of insufficiency of the evidence. National Surety Co. v. United States, 200 Fed. 142, 118 C. C. A. 360; Bunday v. Huntington, 224 Fed. 847, 140 C. C. A. 415.

We do not understand that in any event the appellate court will look into the evidence to determine whether the trial court has rightly decided the question of fact, unless it be that there is no sufficient evidence to support the finding. In other words, it will not try the case,

as a jury tries it, to determine the weight or preponderance of the evidence, but only to determine whether there is any competent evidence sufficient to support the finding.

This brings us to an examination of the record to determine what questions the plaintiff in error has here for our consideration. It made no request to the court for any special findings; nor did it make any request for a general finding of any kind. It did except to the general finding made, which exception was allowed. But this was not sufficient, under the statute or the authorities, to require an examination of the evidence to determine even whether it was sufficient to support the finding.

As to the introduction of the testimony respecting the statute of limitations, there was no ruling of the court, and consequently there were no exceptions saved. The plaintiff in error should have specially requested a ruling, so that it might save its exceptions. But, as the court used the testimony for determining what its general finding should be, it was equivalent to overruling the objections made. Yet there is lacking the exception. Under the circumstances, we are disposed to treat the exception as if it were actually saved, as any semblance of a trap, as Judge Taft has called it, into which the plaintiff in error has been inadvertently led, should be obviated.

We are then to determine whether the plaintiff, in the present state of the record, has stated a cause of action, in view of the statute of limitations of the state of Washington.

[3, 4] It is urged by defendant that, in view of the allegation that defendant has, during the three years last past, maintained a general agent at Seattle, the plaintiff has failed to state a good cause. Such a conclusion does not necessarily follow, for it might be that the plaintiff was such agent part of the time. Were the question raised upon demurrer, the complaint under the rule would be required to be construed most strongly against the pleader. But not so where the defendant has answered and gone to trial. In such a case, the complaint is to receive a liberal construction, so as to uphold the action if it can reasonably be done. The defendant has not only answered, but has itself set up the statute of limitations. This brings into the record every element of the statute to be applied in determining whether or not it has run against plaintiff's action.

The first contention as to the statute is that, the contract being partly in writing and partly verbal or in parol, it must be construed as an oral contract, and the statute would run in three years. This contention must be sustained on the authority of Ingalls v. Angell, 76 Wash. 692, 137 Pac. 309. That court held to a contrary view in an earlier case (Caldwell v. Hurley, 41 Wash. 296, 83 Pac. 318), but the later case is controlling.

[5] It appears, however, that Jolivet succeeded the plaintiff as the agent of the defendant company in Washington, and that he did not come to the position until July, 1913; the action having been begun in February, 1916; so it must be that the plaintiff was the agent of the company up to that date, or there was no such agent in the state upon whom service could be made.

A service of summons will not be sustained where it is upon a person who is a party plaintiff, or who is plaintiff's assignor. 32 Cyc. 554; Buck v. Ashuelot Mfg. Co. & Trustees, 4 Allen (86 Mass.) 357; Atwood v. Sault Ste. Marie Light Co., 148 Mich. 224, 111 N. W. 747, 118 Am. St. Rep. 576; St. Louis & Sandoval C. & M. Co. v. Edwards, 103 Ill. 472; St. Louis & Sandoval C. & M. Co. v. Sandoval C. & M. Co., 111 Ill. 32; People v. Feicke, 252 Ill. 414, 96 N. E. 1052; White House Mountain Gold Min. Co. v. Powell, 30 Colo. 397, 70 Pac. 679.

The case of Schubach v. Redelsheimer, 92 Wash. 124, 158 Pac. 739, is clearly distinguishable from the foregoing.

It appears therefore that there was no one in the state until July, 1913, upon whom service could be made, and consequently, under section 168, Rem. & Bal. Code, the statute did not begin to run against the plaintiff until after that date, and hence the present action was begun within three years, within the meaning of the Washington statute. It results therefore that the objection to the testimony respecting the statute of limitations should have been overruled, as it was in effect.

[6, 7] The next contention of plaintiff in error is that the cause of action of defendant in error merged in and is barred by his former recovery. The former recovery is a matter pleaded by the defendant, and the burden of substantiating it devolved upon it. In this the company is concluded by the general finding of the court; the defendant's position here being such, as we have seen, that it cannot insist upon inquiry into the fact.

[8] The next assignment of error relates to the qualification of the witness Currie to testify respecting the value of the services rendered by the plaintiff. The witness had followed the business of ship's agent and broker nearly all his life. His qualification to testify concerning the value of plaintiff's services would seem to be ample. The stricture made that he was not qualified in the line of preparing such cases for trial is without merit.

[9] The remaining assignments of error insisted upon are the eleventh to the eighteenth, inclusive. The testimony objected to all relates to the inquiry whether the matter in controversy or the account sued upon was involved in a former action which had been tried and determined in the superior court of Washington. There was an issue under the pleadings whether the matter here involved was not litigated or ought not to have been litigated in the former action. In other words, the question was whether the plaintiff had not been guilty of splitting his demand, and bringing two actions, where he ought to have instituted only one, covering the whole matter. The very natural course in such a case would be for the court to hear the testimony, and the question would then follow, under the testimony, whether there was but one demand or two, or whether the plaintiff had in reality, and in legal effect, split an obviously single demand. The testimony objected to was manifestly pertinent and material for the purpose of solving the issue presented under the pleadings. The court subsequently found that the plaintiff had not split his

demand, and found that he was entitled to recover. This by the general finding, which the plaintiff in error is not in a position here to controvert. There was no error in admitting the testimony.

It is further insisted that the amount allowed the plaintiff is grossly excessive. In this, again, the defendant is concluded by the record. The finding in that respect was not properly brought to the attention of the court below for a special finding, and no proper exceptions were saved. But, waiving the irregularity of presenting the controversy here, we are unable to perceive that the amount allowed was in fact excessive.

[10] The matter allowed to go in as involved in the ninth and tenth assignments might very properly have been excluded, but the error was obviously harmless, and a reversal cannot be predicated thereon.

It follows from these considerations that the judgment of the trial court should be affirmed, and it is so ordered.