### WARREN et al. v. BROMLEY. *

(Circuit Court of Appeals, Ninth Circuit. April 16, 1923.)

No. 3956.

Appeal and error ⬤⟲850(2)—Request for findings necessary to review.

In an action at law tried to the court, a jury having been waived, general finding in favor of one party is not reviewable, in the absence of any request by the other party for special findings or for a general finding in his favor.

In Error to the District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

Action at law by F. Glenn Bromley against Charles E. Warren and Mabel D. Warren. Judgment for plaintiff, and defendants bring error. Affirmed.

Edwin A. Wilcox and Fry & Jenkins, all of San José, Cal., and Bert Schlesinger, of San Francisco, Cal., for plaintiffs in error.

Arthur H. Barendt, of San Francisco, Cal., for defendant in error.

Before GILBERT and RUDKIN, Circuit Judges, and DIETRICH, District Judge.

RUDKIN, Circuit Judge. A jury was waived in this case by written stipulation of the parties. The court below found generally for the plaintiff, and there was no request to find the facts specially, or to find generally for the defendant. In this state of the record there is manifestly no question before us for review. As stated tersely in National Surety Co. v. United States, 200 Fed. 142, 118 C. C. A. 360:

"The assignments of error complain of nothing except the finding of the court. There was no request made to the court by counsel for the surety company to find the fact specially, nor was there any request made to the court to find generally for the defendant. In the absence of any such request, and a ruling thereon, and exception taken, the general finding of the court stands as the verdict of a jury, and an exception to it presents no question for review. The correctness of the proposition here stated has been decided so many times by the Supreme Court and this court, that it would seem unnecessary to cite cases."

Then follows a long list of cases from the Supreme Court of the United States and from the Eighth Circuit. The same rule has been repeatedly announced by this court. Dunsmuir v. Scott, 217 Fed. 200,

133 C. C. A. 194; National Surety Co. v. Lincoln County, Mont., 238 Fed. 705, 151 C. C. A. 555; Société Nouvelle d'Armement v. Barnaby, 246 Fed. 68, 158 C. C. A. 294.

The judgment of the court below is therefore affirmed.