[No. 20303. Department One. February 11, 1927.]

*In the Matter of the Estate of* LIZZIE J. MEGRATH,
*Deceased.*

JOHN MEGRATH, *as Executor and Individually, Appellant,* v. CLAY LAWRENCE *et al., Respondents.*[1]

[1] EXECUTORS AND ADMINISTRATORS (3, 160)—WITHDRAWING ESTATE FROM ADMINISTRATION—COUNSEL FEES. Under Rem. Comp. Stat. § 1462, providing that non-intervention wills may be managed and settled without the intervention of the court, subject only to revision for failure to execute the trust faithfully, upon the application of a creditor or heir, the court has no jurisdiction to fix the amount of the attorneys' fees, upon application of the attorney after his discharge by the executor.

[2] SAME (157)—ACCOUNTING—APPRAISEMENT—APPRAISERS' FEES. The fees of appraisers of an estate are limited by Rem. Comp. Stat. § 9921 to three dollars a day and mileage, and it is error to allow any greater sum.

Appeal from an order of the superior court for King county, Smith, J., entered June 3, 1926, fixing the amount of attorney's and appraisers fees under a non-intervention will. Reversed.

*W. V. Rinehart, Jr.,* for appellant.
*Clay Lawrence,* for respondents.

FRENCH, J.—Lizzie J. Megrath died in Seattle, King county, Washington in the month of January, 1926,

¹Reported in 253 Pac. 455; 256 Pac. 503.

leaving a non-intervention will, which was presented for probate in King county. The appellant, John Megrath, was appointed and confirmed as executor, to act without bond, filed his oath, published notice to creditors, and thereafter there was an inventory and appraisement filed, proper notice given to the state inheritance tax department, a decree of solvency entered, and the necessary steps taken to comply with the required statutory provisions of the probate code relating to non-intervention wills. In all of these matters the appellant was represented by his attorney, Clay Lawrence, one of the respondents herein.

Shortly after this stage of the proceedings had been reached, the appellant notified his attorney that his services were no longer needed; that he was discharged as attorney, and, this notice being in writing, was filed in the probate proceedings. It also appears that the appraisers' fee had not at that time been paid.

Soon after the notice of discharge had been served and filed, Mr. Lawrence presented his petition to the probate court asking that his fees for services as attorney be fixed, that the fees of the appraisers be determined and allowed, and in accordance with the prayer of the petition, a citation was issued requiring the appellant to appear on a day certain for hearing of the petition.

Thereafter and on the return day, an order was entered fixing the compensation of the attorney and of the appraisers, which order recites that "witnesses were sworn and testified". No statement of facts or bill of exceptions has been filed in this court, counsel relying solely upon the transcript of the record and the questions presented thereby.

The appellant urges that, under our present probate code, the court is without jurisdiction to fix attorneys fees under a non-intervention will, except upon request

of the executor, and that in any event it appears upon the face of the record that, as to the respondents Seixas and Smith, the appraisers, their fees are entirely erroneous.

[1] The first question raised, namely, the power of the court to fix attorneys fees under a non-intervention will, requires for its answer an examination and construction of that portion of our probate code relating to the settlement of estates without administration, and found in Session Laws of 1917, ch. 13, at page 666; Rem. Comp. Stat., § 1462 [P. C. § 9967].

In substantially the same language this provision of our probate code was first enacted in 1868, and has been in full force and effect since that time, and this provision of the law has been construed by this court many times, beginning with *Newport v. Newport,* 5 Wash. 114, 31 Pac. 428, where the court says:

"The provisions of the above statute are plain and explicit, and we see no reason why full force and effect should not be given to it."

See, also, *Moore v. Kirkman,* 19 Wash. 605, 54 Pac. 24; *State ex rel. Phinney v. Superior Court,* 21 Wash. 186, 57 Pac. 337; *In re Guye's Estate,* 63 Wash. 167, 114 Pac. 1041.

The present statute, using the same language as our earlier statute, says:

"After the probate of any such will . . . all such estates may be managed and settled without the intervention of the court."

This is not a limitation, but rather a grant of power to the executor. If in his judgment matters arise in the settlement of the estate requiring judicial determination, he may invoke the jurisdiction of the superior court, either in equity or in probate. But this must be of his own volition. The jurisdiction of the

probate court can only be invoked by others in those cases where the statute has conferred the right.

In *Schubach v. Redelsheimer,* 92 Wash. 124, 158 Pac. 739, after reviewing many of our earlier cases, this court said:

". . . where the requirements of this statute have been complied with, the jurisdiction of the probate court ceases, except upon the happening of one or more of the conditions provided in the statute which authorizes an interference on the part of the court."

The conditions stated in the statute are:

"And provided further, if the person named in the will shall fail to execute the trust faithfully and to take care and promote the interests of all parties, then, upon petition of a creditor of such estate, or any of the heirs, or of any person on behalf of any minor heir, it shall be the duty of the court to cite such person having the management of such estate to appear before such court, and if, upon hearing of such petition it shall appear that the trust in such will is not faithfully discharged, and that the parties interested, or any of them have been or are about to be damaged by such actual doings of the executor, then, in the discretion of the court, administration may be had and required as is now required in the administration of estates, and in all such cases the costs of citation and hearing shall be charged against the party failing and neglecting to execute the trust as required in such will."

In *Fulmer v. Gable,* 73 Wash. 684, 132 Pac. 641, we said:

"The estate being solvent, upon a showing of that fact it passes from under the immediate jurisdiction of the court, and the court would have no jurisdiction to enter an order of sale. *English-McCaffery Logging Co. v. Clowe,* 29 Wash. 721, 70 Pac. 138; *Guye v. Guye,* 63 Wash. 340, 115 Pac. 731, 37 L. R. A. (N. S.) 186. Nor could it assume jurisdiction unless there was a showing of 'failure to execute the trust faithfully' ".

In the present case the attorney has invoked the jurisdiction of the probate court and has attempted to force the executor into the probate court against the executor's expressed wishes. This we hold he cannot do, not being one of the persons designated by the statute upon whom this right is conferred.

Our attention has been called to *In re Brown's Estate,* 129 Wash. 84, 224 Pac. 678, where we held that under a non-intervention will the court could fix the attorneys fee, but an examination of that case will show that it is perfectly consistent with our present position, for the reason that in the Brown estate, the executors had applied to the court to fix the attorneys fee, and we held that, the executors having made such application, it was within the power of the probate court to fix the fees.

[2] In passing, we may also say that, on the face of the record, it appears that the appraisers' fees were fixed by the court at an amount in excess of that provided by statute. Rem. Comp. Stat., § 1465 [P. C. § 9921], provides:

"Such appraisers shall receive as compensation for their services each the sum of three dollars ($3) per day and mileage."

We hold that this provision of the statute is controlling, and that it is error for the probate court to allow any other or different amount.

The judgment is therefore reversed.

MACKINTOSH, C. J., and FULLERTON, J., concur.

ON REHEARING.

[*En Banc.* June 9, 1927.]

PER CURIAM.—Upon a hearing *En Banc,* a majority of the court adheres to the opinion heretofore filed herein. The judgment is therefore reversed.