H. C. PLEASANTS, EXECUTOR, v. Q. DAVIDSON, ADMINIS-
TRATOR.

1. When a testator, acting under the statute of 1862, (Paschal's Digest, article 1371,) had provided by his will that the probate court should have no control of his estate, but had placed the estate in the hands and subject to the discretion of his executor, it was not necessary for a creditor of the estate to verify his claim by affidavit and present it to the executor for allowance, as required by law when an estate is being administered in the usual way; and the creditor could institute and maintain suit in the district court, on his claim, without verifying and presenting it for allowance.

2. The statute of 1862, above cited, provided for the establishment, by suit in the district court, of claims against estates of decedents who had directed by will that the probate court should not have jurisdiction of their estates; and it further provided that execution in such suits should run against the estates of such testators, in the hands of their executors. The creditor's right thus to establish his claim against such estates existed whether there were or were not assets in the executor's hands; and therefore, contrary to the general rule in suits against trustees, it was not necessary for the creditor to allege in his petition that there were assets of the estate in the executor's hands.

ERROR from De Witt.

Davidson, the defendant in error, was administrator of the estate of J. O. Wheeler, deceased. He brought this suit to the Fall term, 1869, of the District Court of De Witt county, against the plaintiff in error as executor of John H. Slaughter, deceased. The cause of action was a note for $1329, executed by Slaughter to Wheeler on the sixth of March, 1861, on which considerable payments were subsequently made.

The petition alleged the refusal of Pleasants to pay what remained due, and that he, Pleasants, had qualified as executor of Slaughter, who had died leaving a will providing that no other action should be had in the probate court than the registration of the will and the return of an inventory of the estate.

At the return term of citation, Pleasants made default, and the defendant in error recovered judgment for $1091, with execution against Slaughter's estate; from which judgment this writ of error is prosecuted.

No brief for either side.

*Samuel C. Lackey*, for defendant in error, suggested delay.

Ogden, J.—The defendant in error obtained a judgment against the plaintiff in error on a promissory note executed by the testator of plaintiff in error in 1861. The petition in the court below alleged the fact that by a provision of the will of John H. Slaughter, deceased, the plaintiff in error was appointed executor, and that said will further provided that no other action should be had in the county court, in relation to the settlement of the estate of said decedent, than the probating and registration of the will, and a return of an inventory of said estate. And this suit was brought in the district court under the act of January, 1862, (1371, Paschal's Digest,) which provides that "any person capable of making a will may so provide by his or her will, that no other action shall be had in the county court in relation to the settlement of his or her estate, than the probating and registration of his or her will, and the return of an inventory of the estate; and in all such cases, any person having a debt or claim against said estate may enforce the payment of the same by suit against the executor of said will, and when judgment is recovered against such executor, the execution shall run against the estate of such testator in the hands of such executor." The assignment of errors presents several questions of practice for decision, which are raised under the above act and the general laws of the State regulating the settlement of estates of deceased persons. We are not aware that the act of 1862, cited above, has ever been the subject of judicial investigation by this court, and we are now called upon to

decide important questions without even the aid of brief or argument of either party.

But we think, the decision of two questions raised by the assignment of errors will dispose of this cause, and we are inclined to notice only such as may be necessary. The law requiring a claim against an estate of a deceased person to be sworn to and presented to the administrator or executor for an allowance, is evidently intended as a kind of proof of the genuineness of the claim preliminary to, and an authorization of, the approval by the probate court, which approval becomes a judgment in favor of a claimant. It is an establishment of the claim for the action of the probate court. But when the will provides that the probate court shall have nothing to do with the approval or recognition of the claim, and places the whole matter in the hands, and subject to the discretion of the executor, we can see no reason for the rule requiring the claim to be verified by affidavit to be enforced. The executor, in such a case, becomes the sole judge of what claims he will, and what he will not, allow and pay. He is to manage the estate and pay the debts as though both the estate and debts were his own, and therefore the formality of swearing to and presenting the claim for allowance could accomplish nothing, as the statute prescribes another mode for the collection of such claims.

We are therefore of the opinion that the suit for the collection of the note was properly brought, without being formally sworn to, and presented to the executor for allowance, as is usually requisite for claims against estates of deceased persons, more especially as this question is presented for the first time in this court.

The assignment complaining that the petition in the lower court does not allege the fact that the executor has assets in his hands belonging to the estate of his testator, out of which said debt could be made, at first view might present a more difficult question for solution. The general principle that a trustee can be made liable only for the estate which has come into his hands, has made ne-

cessary a rule of practice that the bill or petition against a trustee must allege and charge that he has assets belonging to the trust estate, out of which the demand made might be satisfied, in whole or in part. And we are of the opinion that this rule must govern the case at bar, unless a different rule has been established by, or is legitimately deducible from, the statute. The manner of establishing claims against estates of deceased persons, in this State, is somewhat peculiar, and not altogether controlled by the general rules governing trusts. Ordinarily, claims are established by being sworn to by the creditor, or some one for him, and then allowed by the executor or administrator, and when that allowance is approved by the probate court, the claim becomes a judgment against the estate. Should the claim be rejected by the executor or administrator, or disapproved by the court, then the holder of the claim, previous to the adoption of the present Constitution, might bring suit in the district court and establish his claim in the ordinary way, regardless of the fact that the executor or administrator had or had not any assets belonging to the estate in his hands. And when the will provided that the court should have no jurisdiction of the administration, and placed the whole estate under the management and at the disposal of the executor, it then became necessary to provide for, not only the establishment of the claim, should the executor refuse to recognize it, but also for the collection of such claim when established, to the extent of the assets in the hands of such executor. We are therefore of the opinion that the law of 1862 was intended to provide a rule for the establishment of claims against the estates of deceased persons, who had provided in their wills, that the probate court should not take jurisdiction of the same. If this was the object of the law, then it would be immaterial whether the executor had assets in his hands at the bringing of the suit; for the creditor would have the right to have his claim established by judgment, whether there was anything to pay the debt or not. The

law provides that execution shall issue against the estate, and not against the executor. If, therefore, the executor has no property or assets in his hands, he cannot be injured by the suit or execution. But though the executor may have no assets in his hands at the time the suit is brought and the judgment rendered, yet he may subsequently have sufficient to satisfy all demands, and especially such as have been kept alive by the institution of suit and obtaining judgment. We are therefore of the opinion that it was not absolutely necessary for the plaintiff below to allege that the executor had assets in his hands, to entitle him to the right to sue.

The defendant in error has submitted the cause on a suggestion of delay, but we are not inclined to believe the case was brought up for delay only. The judgment of the district court is affirmed, without damages.

Affirmed.