## WILHELM'S ESTATE v. MATTHEWS.
### (No. 7380.)

(Court of Civil Appeals of Texas. San Antonio. June 11, 1925. Rehearing Denied June 27, 1925.)

Judges ⚫═22(1)—County judge held not entitled to fees for examining and approving account, after independent executrix has been by agreement released.

Where independent executrix, after taking possession of and managing estate for 18 months, entered into written agreement with residuary devisees to deliver all properties to trustee for owners, and ceased to further act as such executrix, *held*, in view of Rev. St. art. 3362, county judge was not entitled, under article 3850, to fees for examining and approving accounts upon subsequent application of executrix to be released and discharged; there being no contingency provided for in article 3291 requiring further administration.

Appeal from Menard County Court; J. H. McLean, Judge.

Proceeding for the allowance of the claim of J. W. Matthews against the estate of Mrs. J. C. Wilhelm. From a judgment of the district court on appeal from county court allowing claim, devisees appeal. Reversed, and judgment entered.

Hill, Neill & Hill, of San Angelo, and Flack & Flack, of Menard, for appellants.

Frank Hartgraves, of Menard, for appellee.

SMITH, J. Mrs. Johanna C. Wilhelm died testate at her home in Menard county on January 22, 1921, leaving a will by which she disposed of her entire estate, consisting of real and personal property subsequently appraised at the values of $303,000 and $71,000, respectively. In her will Mrs. Wilhelm appointed her daughter, Clara Agnes Wilhelm, as independent executrix of the estate, providing that no bond be required of her, and that no other action be taken in the probate court concerning said estate other than the probate of the will, the returning of an inventory and appraisement, and the listing of claims. By the terms of the will, after certain specific bequests, the whole property was devised in equal shares to the six children and a named grandchild of the testatrix. In pursuance of the provisions of the will, which was probated on April 12, 1921, Clara Agnes Wilhelm took possession of the estate, returned an inventory and appraisement with list of claims, and proceeded with the administration for a period of 18 months, during which she managed the estate, sold a part of the personalty, paid some of the debts and incurred others, of which there remained a balance of approximately $75,000.

At this juncture, in December, 1922, the devisees, including the executrix, but not two others to whom only specific bequests were made in the will, entered into a written agreement "by the terms of which," according to an apparently accurate statement in appellant's brief—

"They settled and adjusted the accounts of the independent executrix, she agreeing after that date to cease to act as such executrix, and delivering the properties to the owners thereof under and according to the terms of said will, and agreeing upon D. F. Volkmann as trustee, without compensation, to take and hold title to the personal properties, manage the same, with authority to sell and dispose of the personal property belonging to the estate and pay debts and expenses."

Among other stipulations it was specifically provided in said agreement that—

"From and after this date said Clara A. Wilhelm will cease to act as such executrix of said estate, and the property belonging to said estate will be delivered to the owners thereof under and according to the terms of said will, and such owners thereof will take it subject to and to be charged with the payment of the indebtedness above mentioned and such other indebtedness, if any, as may represent items owing by the said Johanna C. Wilhelm at the time of her death."

And it was further stipulated that within a given time the estate should be divided and partitioned in accordance with the terms of the will, by a process specifically set out in the agreement.

After she had turned over the estate to the trustee agreed upon, and after she had ceased under the agreement to act as executrix, Clara Agnes Wilhelm, upon her own motion, filed in the county probate court her application for leave to resign as executrix of the estate in question, and for release and discharge as such. To this application

she attached an exhibit of the condition of the estate and of her administration thereof, together with her final account and a copy of the foregoing agreement. Notice was given to interested parties in the usual form, and in due course the judge of the probate court heard the application, examined and approved the account, granted the application to resign, and entered an order releasing and discharging the applicant from all further liability as executrix, whereupon the clerk taxed the costs in the proceeding against the estate, including an item of $1,179.98 accruing to the county judge, and being one-half of one per cent. commission on the actual cash receipts of the executrix during her active administration, as provided in article 3850, R. S., in cases of regular administration under direction of the court. The trustee of the estate, designated in the settlement agreement, paid all the items of costs, except the judge's fee of $1,179.98, as to which he filed a motion to retax, in the meantime refusing to pay it.

The motion to retax was heard by a special county judge agreed upon by the parties, who granted the motion and struck out the item complained of. From this order Judge Matthews appealed to the district court, which, upon a hearing, allowed the item. From this judgment the devisees under the will have appealed. The validity of the disputed item of the commission allowed the county judge upon the actual cash received by the executrix while acting independently of the probate court is the only question presented in the appeal.

The contention of appellants, expressed in general terms, is that, as under the terms of the will the estate was administered by the executrix independently of the probate court, and had been surrendered to the devisees by the executrix, who thereupon fully ceased to act as such, the probate court was without power to thereafter pass upon, approve, or disapprove of the acts done by the executrix in the course of her administration; that, the act of the probate judge in examining and approving the accounts being unnecessary and unauthorized, he was not entitled to the fees fixed by statute in cases of regular administration.

The case has not been without its difficulties, but we have concluded, upon a careful investigation of the authorities, that the fees in question were not properly chargeable to the estate. The statute (article 3362) which provides that any person capable of making a will may provide therein that no other action shall be had in the county court in relation to the settlement of the estate than the probating of the will and return of inventory, appraisement, and list of claims, should be so construed as to more nearly accomplish its obvious purpose, which is to avoid the usual costs and bother of regular administration.

When an independent executor qualifies and files the inventory, appraisement, and list of claims, the jurisdiction of the probate court is not thereby finally terminated, but it is automatically suspended, and thereafter remains dormant, unless and until the administration lapses through the failure of the executor, for any reason, to act, in which event the court will resume jurisdiction, and then, if further administration of the estate is necessary, it will proceed under the direction of the court, as in case of regular administration. It is only in the event the estate ceases to be represented because of the death, resignation, or abandonment of his trust by the independent executor, and further administration is necessary, that the court may resume the exercise of its jurisdiction, and it would do so then only by virtue of the provisions of article 3291, R. S., which is applicable to independent as well as ordinary administration, and is as follows:

"Whenever an estate is unrepresented by reason of the death, removal or resignation of the executor or administrator, the court shall grant further administration upon such estate when necessary, and with the will annexed, where there is a will, in the same manner and under the same regulations provided for the appointment of original executors or administrators."

See Roy v. Whitaker, 92 Tex. 346, 48 S. W. 892, 49 S. W. 367.

None of the contingencies provided for in the quoted article occurred in this case, however, requiring "further administration" upon the estate. On the contrary, the executrix had closed the administration, had surrendered the whole of the estate to the devisees, which she had the authority to do without the formality of judicial sanction, for, "when by any course of conduct legally sufficient this is done, we are unable to see why the same legal consequences should not follow as are attached to a judicial distribution made under the direction of a probate court." Parks v. Knox, 61 Tex. Civ. App. 493, 130 S. W. 203.

In this situation, then, there was nothing to give vitality to the dormant jurisdiction of the probate court. If claims against the estate had been settled by, or were pending before, the executrix, she alone had the power to allow or disallow them, the probate court had no authority to approve or disapprove of them, and any action it might take upon them would be futile and of no effect upon their validity. Roy v. Whitaker, supra; McLane v. Belvin, 47 Tex. 493; Lumpkin v. Smith, 62 Tex. 249.

The accounts between the executrix and the heirs and devisees were fully comprehended and settled in the contract of settlement between them, but in any event the probate court was without jurisdiction to settle such accounts, and any orders it might make with reference to such settlement

would be futile and without effect upon the rights and liabilities of the parties. Roy v. Whitaker, supra.

It is true that it is provided in article 3291 that upon the resignation of the executrix the court would have been authorized to accept the resignation, and grant further administration upon the estate "when necessary," but no such case is made here. The administration had been closed, the estate delivered to the devisees, and the executrix had ceased to act because the administration had closed. It is true that the actual partition of the estate among the devisees had not been made, nor had all the debts of the estate been paid, but specific provision was made between the devisees for that purpose in the agreement settling the estate. That agreement as to partition was binding upon the parties, who were obligated therein to take subject to the outstanding debts of the estate, and thus the whole matter was taken out of administration and converted into individual assets, rights, and liabilities. The fact that the property was by agreement placed in the possession of a trustee, to be disposed of as stipulated in the agreement, did not change the legal effect of the devestment of title and control from the executrix. As was said by Judge Moore in McDonough v. Cross, 40 Tex. 251:

"It is certainly within the authority conferred upon the executor * * * to determine when the devisees may take and hold the property devised, free from any claim of the executor thereto, for the purposes of administration. And if the executor, as the representative of the estate, acquiesces in the right of the devisees to the possession and enjoyment of the property devised, and the possession of it is delivered to them, it cannot be subsequently insisted that the devised property is still part of the estate of the testator in the hands of the executor. Unquestionably the devisees take the property subject to the right of the creditors to call upon them to contribute to the payment of the debts of the testator, if the executor fails to discharge them, or the property in their hands may, by a proper proceeding, be charged with their payment."

We conclude from the foregoing that the act of the county judge in examining and approving the accounts attached as exhibits to the application of Clara Agnes Wilhelm, as executrix, to resign, and for her release and discharge as such, were unnecessary, and were beyond the jurisdiction of that court under the circumstances of the case presented. This being true, to charge the estate with fees allowed for such acts as if done in the exercise of a proper jurisdiction would be inconsistent with the spirit as well as the letter of the statute enabling persons to provide in their wills against such acts. It is obvious from the record that Judge Matthews was acting in the utmost good faith in performing the acts for which the clerk taxed the costs complained of, and that his only motive was to faithfully perform his apparent duty as county judge. But these considerations cannot affect the decision of the question presented, notwithstanding the hardship upon him.

The judgment must be reversed, and, the facts in full being agreed upon, judgment will be here rendered in favor of appellants.