JACKSON v. FIELDER et al.    (No. 3540.)

Court of Civil Appeals of Texas. Texarkana. April 18, 1928.

Rehearing Denied May 3, 1928.

1. Executors and administrators ⚫⟹510(5)— Administrator's surety is not proper party to certiorari proceeding to revise administrator's report.

Administrator's surety is not a proper party to certiorari proceeding to revise report of administrator on the ground of improper credits allowed to him.

2. Executors and administrators ⚫⟹224—Administrator's claim on decedent's note held properly disallowed, in absence of evidence that it was ever filed or allowed on claim docket of probate court (Rev. St. 1925, art. 3526).

In absence of evidence that administrator's claim for money loaned to decedent and evidenced by note was ever filed as required by Rev. St. 1925, art. 3526, or of its allowance on claim docket of probate court, it was properly disallowed.

3. Executors and administrators ⚫⟹111(1)— Administrator's claims for payments to attorneys for prosecuting decedent's slayer held properly disallowed.

Administrator had no authority to contract for legal services of attorneys for prosecuting his decedent's slayer, and his claims against estate for amounts paid such attorneys were properly disallowed; such claims constituting no part of indebtedness of estate.

4. Executors and administrators ⚫⟹109(5)— Claim for premiums on administrator's bond, paid before law permitted such charges against estate, held properly disallowed.

Administrator's claim for amount paid as premiums on administrator's bond held properly rejected, where, when claim was paid, there was no law permitting such charge against estate; subsequent law permitting such a charge not being given retroactive effect.

5. Executors and administrators ⚫⟹219—Administrator purchasing decedent's merchandise stock held not entitled to recover rent of building leased by him to decedent from purchase to termination of lease.

Administrator, who leased store building to decedent for a term of years, and who purchased decedent's stock of merchandise from purchaser at sale approved by probate court, held not entitled to recover rent for period between time of his purchase of stock and termination of lease.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Certiorari proceeding by Mrs. A. D. Fielder and husband for a review and revision of the final report of D. M. Jackson, as administrator of the estate of A. D. Adrian, deceased. From the judgment, the administrator appeals. Affirmed.

R. L. Stennis, of Dallas, and Natt M. Crawford, of Grand Saline, for appellant.

Wynne & Wynne, of Wills Point, for appellees.

Hodges, J. In January, 1921, D. M. Jackson, the appellant, was appointed administrator of the estate of A. D. Adrian, deceased. The estate consisted of real and personal property, and was valued at $50,000. A bond for the required amount was executed by the appellant, with a surety company as his surety. On August 11, 1924, appellant filed his final report, which was later approved, and he was discharged. On August 23, 1926, Mrs. Fielder, the surviving wife of A. D. Adrian, joined by her husband, filed in the district court of Van Zandt county this application for a certiorari to the county court, asking for a review and a revision of the final report of the appellant. Mrs. Fielder sued in her own behalf and as the guardian of the minor children of herself and A. D. Adrian. The application complains of numerous improper credits allowed the administrator, but only those disallowed in the trial below need be stated. Appellant answered by general and special exceptions, a plea of limitation, and other general and special defenses.

In a trial before the court, the following credits which had been allowed in favor of the administrator by the probate court were rejected:

"$5,259.70, the administrator's claim in the form of a note paid in December, 1923, 'and barred by limitation.'

"$274.85, being 5 per cent. commission claimed by said administrator for the payment of the foregoing sum to D. M. Jackson.

"$500, paid to Stanford & Sanders, attorneys, for prosecuting the slayer of A. D. Adrian.

"$500, paid to Nat M. Crawford, attorney, for prosecuting said slayer.

"$435, paid by said administrator to the American Surety Company as premiums for making his bond.

"$1,055.65, paid to said D. M. Jackson by the administrator on the unexpired rental contract for the building which had been rented to said A. D. Adrian, and which building was occupied by the purchaser of the remnant of the stock of goods during said unexpired term."

The court further concluded that certain real property, invoiced as a part of the estate, had not been properly disposed of by the administrator and still belonged to the estate and was subject to administration. A judgment was rendered setting aside the order of the probate court discharging the administrator. He was directed to pay into the registry of the county court the items disallowed, amounting to the sum of $8,240.70. In all other respects the final report of the appellant was approved.

[1] Among the objections here urged is that the appellant's surety on his bond should have been made a party to this proceeding. This is not a suit on the bond, but a proceeding to revise the report of the administrator; hence the surety is not a proper party. Wiren v. Nesbitt, 85 Tex. 286, 20 S. W. 128; Buchanan v. Bilger, 64 Tex. 589.

It is also contended that the application for the certiorari was barred by limitation. The record shows to the contrary, and that question need not be discussed.

[2] The principal contention in this appeal is that the conclusions of fact upon which the trial court based his judgment are not supported by the evidence. It appears from the record that A. D. Adrian was killed in June, 1920. At the time of his death, he and A. F. Adrian were merchants and partners engaged in selling general merchandise at Grand Saline, in the county of Van Zandt. Their stock of goods, or a part of it, had previously been purchased from the appellant, for which Adrian gave his note for the sum of $19,000. The building in which the business was being conducted by the Adrians was owned by the appellant, and had been leased to them for 5 years. Appellant testified that a short time prior to the death of Adrian he loaned Adrian $5,000, and a note was given for that sum. That indebtedness is the basis of the first item in the list of those which were disallowed in the court below. The claim was rejected upon the ground that it was not filed within the time required by law. Article 3526, Revised Civil Statutes, provides:

"The provisions of this chapter respecting the presentations of claims against an estate shall not be construed to apply to any claim of the executor or administrator against his testator or intestate; but an executor or administrator holding such claim shall file the same in the court granting his letters, verified by affidavit as required in other cases, within six months after he has qualified, or such claim shall be barred."

There is no evidence in this case that this claim was ever filed in court as required by the statute. There was no record of its filing, or of its allowance on the claim docket of the probate court.

[3] We also think the court properly refused to allow the claims aggregating $1,000, paid to attorneys for prosecuting the slayer of Adrian. Those claims constituted no part of the indebtedness of the estate. The administrator had no authority to contract for legal services which were in no way connected with the administration proceedings.

[4] The item of $435, paid as premiums for making the administrator's bond by the surety company, was properly rejected. When that claim was paid, there was no law permitting such charges to be made against the estate. The present law cannot be given a retroactive effect.

[5] According to the testimony of the appellant, he had leased the storehouse to Adrian for a term of years. For approximately two years after the death of Adrian, appellant, as administrator, continued to conduct the mercantile business in that building, under the direction of the probate court. A few months before the lease expired, appellant sold the stock of goods to Kelly Jackson, a young man whom he had raised and who was at the time residing with the appellant's family. The price agreed upon was 60 cents on the dollar of the inventoried value of the stock. The sale was reported and approved by the probate court. Within a short time after the sale had been concluded, Kelly Jackson sold the stock to the appellant at the same price. Appellant then took charge of the stock of goods, and conducted the business thereafter in the leased building in his own name. The sum of $1,055.65 disallowed by the court represents the rental charged by the appellant between the time he purchased the stock and resumed possession of the building and the termination of the lease. We think the court correctly excluded that item. Appellant was not entitled to rents for a building which he was using and occupying for his own business purposes.

Appellees, by cross-assignment of error, contend that the court should have set aside the probate order approving the sale of the stock of goods to Kelly Jackson. The evidence would support the conclusion that this transaction was an indirect sale of the stock by the appellant to himself. But we cannot say that such a conclusion should follow as a matter of law.

The judgment of the trial court will be affirmed.