### JACKSON v. FIELDER et al.
#### (No. 1209—5227.)

Commission of Appeals of Texas, Section A.
March 27, 1929.

R. L. Stennis, of Dallas, and Natt M. Crawford, of Grand Saline, for plaintiff in error.

Wynne & Wynne, of Wills Point, for defendants in error.

CRITZ, J. We copy the following statement from the opinion of the Court of Civil Appeals:

"In January, 1921, D. M. Jackson, the appellant, was appointed administrator of the estate of A. D. Adrian, deceased. The estate consisted of real and personal property, and was valued at $50,000. A bond for the required amount was executed by the appellant, with a surety company as his surety. On August 11, 1924, appellant filed his final report, which was later approved, and he was discharged. On August 23, 1926, Mrs. Fielder, the surviving wife of A. D. Adrian, joined by her husband, filed in the district court of Van Zandt county this application for a certiorari to the county court, asking for a review and a revision of the final report of the appellant. Mrs. Fielder sued in her own behalf, and as the guardian of the minor children of herself and A. D. Adrian. The application complains of numerous improper credits allowed the administrator, but only those disallowed in the trial below need be stated. Appellant answered by general and special exceptions, a plea of limitation, and other general and special defenses."

The judgment of the trial court was affirmed by the Court of Civil Appeals. 7 S. W.(2d) 170. The case is now before this court on writ of error granted on application of Jackson, administrator.

By his first assignment of error and proposition thereunder Jackson contends, this being a suit or proceeding to set aside a final order or judgment of a probate court finally closing an administration and discharging an administrator and the surety on his bond, that such surety is a proper and necessary party.

We are of the opinion that the surety on the bond of Jackson as administrator was not a necessary party to this proceeding. It is true that the order of the probate court, approving the final account of defendant as administrator, also contains a clause discharging the administrator and his bondsmen. The part of the order or judgment of the county court discharging the bondsmen was pure surplusage, and added nothing thereto that would not have followed by operation of law, had the judgment not contained a provision discharging the bondsmen. Articles 3642 and 3643, R. C. S. of Texas 1925.

It so happens in this case we are passing on the question of parties as applied to an application for certiorari. This is nothing more than a statutory remedy, and is an ad-

ditional method of appeal from the ordinary direct method provided by law. Article 932, R. C. S. of Texas 1925; Simpkins on Administration of Estates (2d Ed.) p. 427. We know of no decision, and have been cited to none, that holds that, in a direct appeal from the county court to the district court in probate matters, the surety on the bond of an administrator must be made party to the appeal. In fact, in a direct appeal the surety would not be a necessary party. We see no reason why a different rule should apply where the case in brought before the district court by certiorari. We therefore overrule this assignment, and hold that the surety of defendant was not a necessary party.

By his sixth assignment of error and propositions thereunder the defendant complains of the finding and holding of the trial court and Court of Civil Appeals that the note for $5,259.70, being a note for $5,000 and $259.70 interest thereon, purported to have been given by A. D. Adrian to defendant, was barred by the statute of limitations when paid to himself by said administrator; defendant claiming that there is no evidence or pleading to support such finding.

The trial court, in his judgment with reference to this note, expressly finds:

"I find that the item of $5,259.70 paid by D. M. Jackson to himself on a note that he claims to hold against A. D. Adrian, deceased, and which was allowed and paid by D. M. Jackson in December, 1923, and which claim as shown by the short minutes and the long minutes of the honorable probate court of Van Zandt county had never been allowed by the court nor entered upon the claim docket as a judgment against the estate. I find that this item which was barred by the statute of limitation at the date it was allowed and paid and is not a proper charge against the estate and that D. M. Jackson is not entitled to a credit therefor."

The Court of Civil Appeals finds:

"There is no evidence in this case that this claim was ever filed in court as required by the statute. There is no record of its filing, or its allowance on the claim docket of the probate court."

We have carefully examined the record, and the findings of the trial court and Court of Civil Appeals are amply supported thereby.

There is no record in the county clerk's office to show that Jackson has ever complied with any of the provisions of chapter 18, tit. 54, R. C. S. of Texas 1925, with reference to the filing of this claim. On the other hand, the record shows the contrary. Further, there is no record or testimony of any character to show that Jackson filed this claim in the county court, verified by affidavit, within six months after his qualification, as required by article 3526, R. C. S. 1925. Under such a record, the trial court and Court of Civil Appeals were amply justified in their findings to the effect that this claim is barred under the provisions of article 3526, R. C. S. 1925.

As to the contention that there is no pleading to support that part of the judgment, holding the alleged $5,000 note barred, we find the plaintiff did plead limitation in the following language:

"The item of $5,259.70, Jackson's note on store, was further erroneous, as no such claim had ever been filed as above plead, no such claim had ever been approved, and no payment could have been made upon such note as it was made without authority of law and in direct violation of law. If such note was ever in existence, it was never entered upon the claim docket and is now barred by the statute of limitation."

The above pleading, in the absence of a special exception, is sufficient to raise the issue. We find no special exception addressed to this plea in the record.

We have carefully examined the other errors assigned, and in our opinion the Court of Civil Appeals has correctly disposed of them.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.