## DEANE et al. v. DRISCOLL et al.
### No. 8950.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 4, 1933.

Rehearing Denied Feb. 1, 1933.

E. B. & Howell Ward, of Corpus Christi, for appellants.

Russell Savage and Gordon Boone, both of Corpus Christi, for appellees.

SMITH, J.

Miss Mildred Seaton owed Robert Driscoll and Clara Driscoll Sevier a debt of $74,840, evidenced by her promissory note and secured by her deed of trust upon real property in Nueces county, including certain lots numbered 5 and 6 in the city of Corpus Christi. The note and deed of trust were executed on January 2, 1920, to mature in five years.

Thereafter, on June 7, 1923, the said Mildred Seaton made her will in which she designated the said Robert Driscoll as independent executor of her estate (which she bequeathed in toto to her sister, Margaret Seaton), and upon her death testate on August 23, 1925, Driscoll qualified as such executor and assumed the administration of the estate.

It appears that prior to her death Mildred Seaton made a payment of $3,000 on said note, and that during his administration Driscoll credited on said note out of the proceeds of the estate the sums of $15,000 and $10,000. These several credits amounted to $28,000 and reduced the principal of the note to the sum of $46,840.

At this juncture, on December 26, 1928, the payees, Driscoll and Mrs. Sevier, the latter joined pro forma by her husband, brought this action against Driscoll, executor, and Margaret Seaton, sole devisee in the will, to recover upon the note in question, and to foreclose the deed of trust lien to secure same. Margaret Seaton married John N. L. Deane, who was joined in the suit, pro forma.

Pending trial of the suit Driscoll died, and the representatives of his estate were substituted as parties plaintiff, and E. B. Ward, having been appointed in the probate court as administrator de bonis non with will annexed of the estate of Mildred Seaton, was substituted as defendant in place of Driscoll, deceased.

In pursuance of a directed verdict, the trial court rendered judgment in favor of the plaintiffs against the defendants below for $70,716.70, with interest from date of the judgment, and for foreclosure of the deed of trust lien. E. B. Ward, administrator de bonis non, and Mrs. Margaret Seaton Deane and her husband have appealed.

It is conceded by appellees that the judgment is excessive in the amount of $5,250.56, for which they have filed remittitur in this court. It seems also to be certain, if not admitted by appellees, that the personal judgment against appellants was erroneous, and should be set aside. So is it conceded by appellees that the judgment should have been rendered, not to operate directly upon appellants, but to certify the decree for observance and execution in the probate court in which the Seaton estate is being administered. In these respects, then, if in no other, the judgment appealed from must be revised.

■ The first major contention made by appellants in the appeal is that the dual position of Robert Driscoll, first as a lien holding creditor of the Seaton estate, and, second, as the executor of said estate, was so inconsistent as to put him to an election between the two positions, and that by qualifying as executor, and proceeding thereunder with the administration of the estate, he waived his lien and was thereby relegated to the rights of an unsecured creditor. Under this contention appellants present a somewhat intriguing argument; but we have concluded that the proposition should not be sustained. In this

connection it appears that in her will the decedent, Mildred Seaton, empowered Driscoll, as independent executor, to sell all the estate except certain lots 5 and 6, whereas, in the deed of trust given by Miss Seaton to Driscoll and Mrs. Sevier to secure the note in controversy the trustee was expressly empowered to sell said lots 5 and 6, as well as certain other properties, to satisfy the debt thereby secured and evidenced by said note.

It is obvious that the testatrix did not regard the positions of Robert Driscoll as inconsistent, for she, herself, placed him in those positions, first, by designating him, in her will, as independent executor of her estate, and, second, by giving him, in her deed of trust, the power of sale of her estate. By making him the independent executor of her estate free from the control of the probate court, she gave him the power to sell such of her estate as was necessary to pay her debts, notwithstanding the exclusion of lots 5 and· 6 from that power; and in the deed of trust she gave him the power to sell those parts of her estate covered by that instrument, including lots 5 and 6. It seems to us, without going into an extensive discussion of the question, that his duties in the two positions were concurrent rather than inconsistent, and that they could be co-ordinated into the general purpose of the testatrix to subject her estate to the payment of her just debts.

If it be true, as contended by appellants, that the restriction in the will against the power of sale of lots 5 and 6 was or is effectual, then such restriction removes the one point of conflict urged by appellants as affecting Driscoll's position. By that restriction the testatrix intrusted to Driscoll the disposal of the whole of the estate, except lots 5 and 6, which she had previously set apart as security for the note involved. In thus disposing of her estate in her will she thereby reaffirmed her prior act, evidenced in her deed of trust, in setting apart and appropriating lots 5 and 6 to the satisfaction of her note, and thereby relieved her executor of the embarrassment of an election between the two positions in which she had placed him.

If it be so that the exclusion of lots 5 and 6 from the power of sale granted in the will was effectual as contended by appellants, then such withholding of power relieved the executor of any embarrassment or inconsistency of duty, so that he could freely proceed as a creditor to subject those lots to the payment of his debt, without effecting even the semblance of a preference.

■ It appears that Robert Driscoll did not file his claim, herein asserted, with the probate court within six months, or at any time, after letters were issued therefrom to him as independent executor. Appellants contend that it was Driscoll's duty to so file his claim,

and that by reason of this failure the claim was barred, under the provisions of article 3526, R. S. 1925, as follows: "The provisions of this chapter respecting the presentations ● of claims against an estate shall not be construed to apply to any claim of the executor or administrator against his testator or intestate; but an executor or administrator holding such claim shall file the same in the court granting his letters, verified by affidavit as required in other cases, within six months after he has qualified, or such claim shall be barred."

Appellees' answer to this contention is that said provisions of article 3526 have no application to independent executors such as Driscoll, who by the terms of his appointment was freed of the direction of the probate court, as provided in articles 3389 and 3436, R. S. 1925. We are of the opinion that appellees' position is well taken, for, since such executors alone have the power to allow or disallow claims, and the probate court has no authority to approve or disapprove them and any action it might take upon them would be futile and of no effect upon their validity, no purpose could· be served by requiring that such claims be filed in the probate court. If this view has not been expressly promulgated by the authorities, it may well be implied from analogous holdings of our courts. Certainly there is no contrary decision. Simpkins, Adm. Est. pp. 111, 229; Pleasants v. Davidson, 34 Tex. 459; Roy v. Whitaker, 92 Tex. 346, 48 S. W. 892, 49 S. W. 367; Evans v. Taylor, 60 Tex. 422, 425; Smyth v. Caswell, 65 Tex. 379; Wilhelm's Est. v. Matthews (Tex. Civ. App.) 274 S. W. 251 (Writ Refused); Ewing v. Schultz (Tex. Civ. App.) 220 S. W. 625; Roberts v. Carlisle (Tex. Civ. App.) 4 S.W.(2d) 144; Moore v. Kirkman, 19 Wash. 605, 54 P. 24, 26. In support of their contention appellants cite Jackson v. Fielder (Tex. Civ. App.) 7 S.W.(2d) 170: Id. (Tex. Com. App.) 15 S.W.(2d) 557, as being the only case in which article 3526 is construed. That case is without value, however, since it concerns an administrator under bond, who was acting under the direction of a probate court, and not an independent executor without bond, and free from the direction of a probate court, as in this case. We overrule appellants' contention discussed above, embraced in their fifth proposition of law. And these conclusions have the effect of deciding the questions raised in appellants' fourth and seventh propositions, which are overruled.

■ The note involved carried a provision that the amount thereof should bear annual interest, until·paid, in the sum of $2,500, payable in quarterly installments of $625 each. Appellants defaulted in·the interest payments so that the sum of the payments due at the time of judgment amounted to $17.500, and judgment was rendered that the amount of principal and interest should bear interest

at the rate of 6 per cent., as provided by statute (Rev. St. 1925, art. 5072), from the date of the judgment. Appellants contend that the provision for a flat rate of interest of $2,500 per annum should be resolved into a percentage, which would be 3.4 per cent., in order to avoid an usurious rate of interest when the principal should be reduced until the annual interest of $2,500 would exceed the maximum rate of 10 per cent. Appellants contend that this construction is authorized and demanded by the rule that such contracts should be construed so as to render them valid, if possible, rather than invalid. We conclude, however, that if appellants' construction is correct, and the interest provision should be construed to pass at any juncture from a flat to a percentage basis in order to save the contract, it should so pass at the point at which the interest chargeable would become usurious if computed at the flat rate. Applying such construction, which, after all, is indeed a hazardous one in this case, and resolving this whole contention in favor of the validity of the contract and in support of the judgment, we overrule appellants' propositions in which this question is raised.

Appellants assert that appellees' claim was barred by limitation, upon several grounds, none of which are deemed tenable. We have already shown that the filing of the claim in the probate court was unnecessary, under article 3526, which did not apply for limitation purposes. The suit was filed against the independent executor within less than four years from the maturity of the note, which interrupted limitation, and limitation was not set in operation by the death of Driscoll, the independent executor, so as to require a refiling of the suit after the accession of Ward, the administrator de bonis non. The action against the independent executor did not abate at his death, but operated upon the administrator de bonis non without any other action except to substitute the latter as a party. Simpkins, Adm. Est. p. 130; Parks v. Lubbock (Tex. Civ. App.) 50 S. W. 466.

In their twelfth proposition appellants contend that there was evidence to show that Driscoll improvidently administered the estate, entitling appellants to damages with which the balance due on the note may be set off. We overrule this contention. There is nothing in the pleadings or evidence tending to show that Driscoll acted in bad faith in any of the transactions involved. It may be that a jury could have found that he used bad judgment, in view of the financial debacle into which the world has been thrust. But, who among all of us has not likewise erred? Such finding would not have released appellants from the debt sued on. The question is raised in appellants' ninth proposition,

which is overruled. The eighth proposition, if not in substance the same as the ninth, is not sufficiently briefed to invoke a ruling.

Appellants insist that attorney's fees were not properly incurred in the case, but we overrule that contention. Nor do we think this was a case requiring Driscoll, as independent executor, to marshal the assets of the estate, and we overrule appellants' propositions embracing that contention.

We have endeavored to give the appeal full consideration. We think that justice will be best served by revising the judgment to conform it to the remittitur filed by appellees, relieve appellants of the personal judgments against them, and affirm and certify the judgment so formed to the probate court for observance. It is so ordered.

Reformed and affirmed.