

# THE ATTORNEY GENERAL

## OF TEXAS

**GERALD C. MANN**
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Honorable J. H. Kidd, Jr.
County Attorney
Kingsville, Texas

Dear Sir:

Opinion No. O-4447
Re: Is the County Judge of Kleberg
County entitled to a commission
as provided by Article 3926,
Vernon's Annotated Civil Stat-
utes, under the given facts?

Your letter requesting the opinion of this department
on the above stated question reads in part as follows:

"The County Judge of Kleberg County, Texas,
has requested a ruling under Artc. 3926, Sub-
division One, as to whether or not under that
Article he is entitled to his commission under
a will which has been probated in his Court,
and said will provides in paragraphs six and
seven the following:

"'<u>Sixth:</u> I name as Executor of this my
will, my beloved son, James Morgan Chandler,
and desire that no bond shall be required of
him as such, and that he have absolute author-
ity to manage, control and dispose of any part
of my estate, or the whole of it, as he may see
fit.

"<u>Seventh:</u> It is my particular wish that
no proceedings shall be had in the Probate Court
with reference to the administration of my es-
tate other than the probating of this will, and
the returning of an inventory, appraisement and
list of claims as prescribed by statute.'

"The question has arisen as to whether he
is entitled to his commission when the inventory
and appraisement has been filed, and said inven-
tory and appraisement showing the cash on hand
at the time of the death of the testator, and
being filed under paragraph seven of said will,
as set out above. In taxing the costs on said
probate of this will, the County Judge taxed

costs of his commission allowed under Art. 3926,
Subdv. A, and the executor of said will is con-
testing the payment of said commission reciting
that under Willis vs. Harvey in 26 SW, 2nd Series,
page 288, that the County Judge would not be en-
titled to this commission. In checking this case
and the Statutes, it would appear that the case
of Willis vs. Harvey is not directly to the point,
and the Court in that case specifically stated
that the Act of Legislature referred to was not
involved in that case."

Article 3926, Vernon's Annotated Civil Statutes, pro-
vides in part:

"The county judge shall also receive the
following fees:

"1. A commission of one-half of one per
cent upon the actual cash receipts of each
executor, administrator or guardian, upon the
approval of the exhibits and the final settle-
ment of the account of such executor, adminis-
trator or guardian, but no more than one such
commission shall be charged on any amount re-
ceived by any such executor, administrator or
guardian.

". . . ."

As we understand your request, you desire to know
whether the County Judge is entitled to a commission on the
cash on hand at the time of the death of the testator, under
Article 3926, supra.

We have carefully considered the case of Willis, et
al v. Harvey, supra, and believe that this case is directly
in point and specifically answers the question here involved.
Under the holding of the above mentioned case, it is our
opinion that the above stated question must be answered in
the negative, and is so answered. The term "receipts", as
used in the statute above quoted does not embrace cash on hand
at the time of the death of the testator.

In the case above mentioned, the executors appealed
from a judgment of the district court on appeal from the pro-
bate court allowing the county judge a commission on cash on
hand at the date of the death of the testator. The testatrix
died at her home in Cass County, Texas, on May 21, 1927, leav-
ing a will which disposed of her entire estate. By the terms

of the will the whole of the property, both real and personal, was divided into equal shares of one-fourth each to three children and two grandchildren. Her son and son-in-law were appointed executors of the will, which provided, "that no bond or security be required of them as executors." The will further provided:

> "7. It is my will that no other action be had in the county court in the administration of my estate than to prove and record this will and to return an inventory and appraisement of my estate and list of claims."

The will was duly probated on August 1, 1927. On August 9, 1927, an inventory, appraisement and list of claims was filed by the appraisers appointed by the probate judge to appraise the estate. The probate judge entered an order of record approving the inventory, appraisement and return of the list of claims. Thereafter, on or about December 1, 1928, a bill of costs was rendered by the county clerk to the executors of said will, which contained an item of $337.16 as one-half of one per cent commission due the county judge on cash on hand belonging to the estate upon the approval of the inventory therein filed, the county judge's order of approval being entered on August 9, 1927. That thereafter the executors filed a motion to re-tax the costs, and the motion was heard by the county judge, the successor to the plaintiff, at the February term, 1929. The motion to re-tax was overruled and the executors appealed.

The court quoted Section 1 of Article 3926, supra, and then stated:

> "The act very clearly has in view the providing of compensation to the probate judge for his official control of estates, based on 'the actual cash receipts' shown by the exhibits, and the final settlement of the account of 'the executor.' But properly construing the Act, it is believed that the specific case presented here on appeal may not be regarded as within its scope and within its purpose. There is nothing in the words of the article to attach a different meaning capable of expressly embracing it. An independent executor is not included within the term 'executor,' as employed in the article, and the term 'receipts' therein used does not embrace cash on deposit in the bank at the death of the testator. The word 'executor' as used is made clear and specific by considering the associated words 'ad-

ministrator or guardian.'  Judged from its as-
sociated words, the term 'executor' was meant to
refer to the executor administering the estate
of the testator under the control of the pro-
bate court.   Such class of executors are re-
quired, as administrators and guardians, to pre-
sent to the probate court in an exhibit of ac-
counting, under oath, all sums in cash derived
from sales, collections, and like sources in due
course of administration.  The probate judge is
required to examine and approve all such exhi-
bits of accounting when duly presented to him by
such executor or administrator or guardian.  The
official situation of an independent executor
is different, and it is otherwise provided as to
his legal duties and authority.  The statute
of this state authorizes administration independ-
ent of the control of probate jurisdiction where
the testator has so indicated by the terms of
the will that such is his desire.  The independ-
ent executor so named in the will is qualified
to act, and independently of the probate court,
from the time the will appointing him is admitted
to probate.  Coleman v. Produce Co. (Tex. Civ.
App.) 204 S.W. 382;  Pepper v. Walling (Tex. Civ.
App.) 195 S.W. 892; Roy v. Whitaker, 92 Tex. 346,
48 S.W. 892, 49 S.W. 367.  He need not necessarily
return an inventory in order to make his executor-
ship valid.  Cooper v. Horner, 62 Tex. 356; Willis
v. Ferguson, 46 Tex. 496.  It is thought the term
'actual cash receipts' should be held to specifi-
cally describe money received by the executor other
than the cash or corpus of the estate which was
on hand when the testator died, because the words
used point to and imply that meaning.  And, too,
another section of the statute, bearing upon the
same subject-matter of compensation, makes it
evident that such was the meaning that the Legis-
lature intended should be put upon the term used
in the presently considered article.  The one
section of the statute stands as the context of
the other, and they may be compared and read to-
gether as a means of giving to the language used
the meaning intended by the Legislature.  By such
sections (article 3689 and 3690) executors and
administrators are allowed commission on 'all
sums they may actually receive in cash' but which
shall not include 'any cash which was on hand at
the time of the death of the testator or intestate.'
Also by article 4310, R.S., commissions are ex-

pressly denied to the guardian on 'Estate * * * first delivered.' The express shutting out of a commission to executors and administrators on 'cash * * * on hand at the * * * death of the testator or intestate' and to guardians 'on the estate first delivered' is to be taken as an expression of legislative intent of the scope and purpose of article 3926. There is no difference in the meaning of the terms 'actually receive in cash,' as used in article 3689, and 'actual cash receipts,' as used in article 3926, and 'estate when first delivered,' as used in article 4310. The very purpose of the statute in authorizing an executor to act independently of control of the probate court is, as stated in Wilhelm's estate v. Matthews (Tex. Civ. App.) 274 S.W. 251, 752: 'To avoid the usual costs and bother of regular administration.'"

It will be noted that Section 7 of the will under consideration is almost identical with Section 7 of the will considered by the court in the above mentioned case. As stated above, we think that the above mentioned case, specifically answers the question submitted in your inquiry, and that the County Judge is not entitled to a commission on cash on hand at the time of the death of the testator.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:GO:wc

APPROVED MAR 7, 1942
s/GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman