# NO. 12-14-00055-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE ESTATE* | § | *APPEAL FROM THE* |
| *OF ARLETTA TURNER,* | § | *COUNTY COURT AT LAW* |
| *DECEASED* | § | *VAN ZANDT COUNTY, TEXAS* |

## MEMORANDUM OPINION

Van Zandt Health Care Property, Inc., d/b/a Anderson Nursing Center (VZHCP), through its representative, Walter Cook, appeals from the trial court's order granting a partial summary judgment in favor of Mary Redd and Rodney Redd in the probate proceedings of Arleta Turner, deceased. In its sole issue, VZHCP contends the trial court erred in denying its claim against Turner's estate. We affirm.

## BACKGROUND

In October 2009, Turner was admitted to Anderson Nursing Center, which is owned by VZHCP. She remained there until her death about a year later. She owed the nursing home about $20,000.00 when she died. Turner owned a home and some acreage but she did not leave a will. In July 2012, VZHCP, through Cook, filed an application for letters of administration. The trial court granted the application and appointed Cook, authorized representative of VZHCP, as administrator. Cook filed an inventory on February 8, 2013, listing only one tract of land valued at $22,128.00 and stating that no claims are due and owing to the estate. Cook arranged to sell the property, but the sale was never finalized.

Mary and Rodney, Turner's children, objected to the sale of the property and to the administrator's inventory. Cook eventually filed three amended inventories. On September 4, 2013, VZHCP presented its claim against the estate. The following day, Cook approved the claim. In November 2013, Mary and Rodney filed a motion for a partial summary judgment

asking for an accounting, complaining of the inventory, contending that VZHCP did not timely file its claim against the estate, and asserting that Cook did not have the authority to approve VZHCP's claim. The trial court granted the motion, ordering that VZHCP's claim against the estate is barred because it was not filed within the applicable limitations period. VZHCP, through Cook, appealed the trial court's order denying its claim.[1] Thereafter, Cook moved to resign as administrator.

## LIMITATIONS

In its sole issue, VZHCP contends that it has a valid claim against the estate, which has a four year limitations period. It asserts that its claim was filed within four years of Turner's breach and that Estates Code Section 355.001 authorizes the claim if it is not barred by the general statutes of limitations.[2] It argues that it "seems illogical and warped that if a creditor becomes a representative of the estate, by opening the estate, that its statute of limitations to pursue a contract claim is shortened to six (6) months." Further, it asserts, the argument that the limitations period has been shortened to six months is "disingenuous" because the real intent of Section 355.201 is to control a situation where the claim is approved by the creditor.

### Standard of Review

We review the trial court's decision to grant summary judgment de novo. ***Tex. Mun. Power Agency v. Pub. Util. Comm'n***, 253 S.W.3d 184, 192 (Tex. 2007). The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact concerning one or more essential elements of the plaintiff's claims and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); ***Nixon v. Mr. Prop. Mgmt. Co.***, 690 S.W.2d 546, 548 (Tex. 1985). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See **City of Houston v. Clear Creek Basin Auth.***, 589 S.W.2d 671, 678-79 (Tex. 1979). Review of a summary judgment requires that the

---

[1] The order granting summary judgment in this probate proceeding is considered final and appealable even though it does not dispose of the entire proceeding because it is conclusive of the issue of the viability of VZHCP's claim against the estate. *See* TEX. EST. CODE ANN. § 32.001(c) (West 2014); ***Fischer v. Williams***, 331 S.W.2d 210, 213 (Tex. 1960).

[2] The Texas Probate Code was recodified as the Texas Estates Code while this matter was pending in the trial court. The new code became effective January 1, 2014. The trial court rendered its order on the motion for partial summary judgment on January 22, 2014. The text of the applicable statutes was not substantively changed.

evidence presented by both the motion and the response be viewed in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding all contrary evidence and inferences unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Nixon*, 690 S.W.2d at 548-49.

## Applicable Law

Statutory construction is a legal question, which we review de novo. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). In construing statutes, our primary objective is to give effect to the legislature's intent. *Tex. Lottery Comm'n*, 325 S.W.3d at 635. Where text is clear, text is determinative of that intent. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). We construe the statute's words according to their plain and common meaning. *City of Rockwall*, 246 S.W.3d at 625. The word "shall" in a statute imposes a duty. TEX. GOV'T CODE ANN. § 311.016 (West 2013).

## Analysis

The estates code provides that a claim against the estate may be presented at any time before the estate is closed if suit on the claim has not been barred by the general statutes of limitations. TEX. EST. CODE ANN. § 355.001 (West 2014). Assuming that VZHCP's claim accrued upon Turner's death, the four year limitations period applicable to breach of contract claims would ordinarily end in October 2014. However, that claim is a claim by an administrator. Section 355.201, which speaks to such claims specifically, references provisions of the code regarding the presentment of claims against a decedent's estate including Section 355.001 and differentiates claims made by personal representatives. *See* TEX. EST. CODE ANN. § 355.201(a) (West 2014). The more specific Section 355.201, referencing claims of representatives, controls over Section 355.001, which applies to claims against estates in general. *See* TEX. GOV'T CODE ANN. § 311.026 (West 2013).

Accordingly, Section 355.201(a) says that Section 355.001, which would allow a creditor to rely on the general four year statute of limitations, does not apply if that creditor is a personal representative, such as VZHCP. A personal representative, like VZHCP, "shall file" its claim in the probate court within six months after the representative has qualified, or the claim is barred. TEX. EST. CODE ANN. § 355.201(b) (West 2014). By use of the word "shall," the legislature

3

imposed a duty on creditor administrators to file their claims within a much shorter time frame than nonadministrator creditors. *See* TEX. GOV'T CODE ANN. § 311.016.

Furthermore, the only reason VZHCP applied to open Turner's estate was to collect the $20,000.00 owed for Turner's care. Otherwise, settlement of the estate was of no concern to VZHCP. Section 355.201, while recognizing the rights of creditors, provides some protection to the estate. It is the duty of the personal representative to pay claims against the estate as speedily as possible, consistent with the rights and interests of all the parties interested. *White v. Pope*, 664 S.W.2d 105, 108 (Tex. App.–Corpus Christi 1983, no writ). The legislature clearly sought to have creditors who took on the role of personal representative to take care of their business expeditiously. As an estate protection measure, this is consistent with the prohibition against the personal representative approving his own claim. *See* TEX. EST. CODE ANN. § 355.201(b), (c) (West 2014).

VZHCP, through Cook, qualified on August 14, 2012. It presented its claim against the estate on September 4, 2013. The language of Section 355.201 is clear. *See Summers*, 282 S.W.3d at 437. VZHCP did not timely present its claim against the estate. *See Jackson v. Fielder*, 15 S.W.2d 557, 558 (Tex. 1929) (held claim barred where there was no evidence that administrator filed his claim on a note against the estate within six months after his qualification). The trial court correctly construed and applied Section 355.201. Mary and Rodney showed that VZHCP's claim is barred by limitations and they are entitled to judgment on that issue as a matter of law. *See Nixon*, 690 S.W.2d at 548. We overrule VZHCP's sole issue.

## DISPOSITION

We *affirm* the trial court's order.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 6, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### AUGUST 6, 2014

### NO. 12-14-00055-CV

### IN THE MATTER OF THE ESTATE
### OF ARLETTA TURNER, DECEASED

Appeal from the County Court at Law

of Van Zandt County, Texas (Tr.Ct.No. 14,185)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's order granting a partial summary judgment in favor of **MARY REDD AND RODNEY REDD** below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against appellant, **VAN ZANDT HEALTH CARE PROPERTY, INC. d/b/a ANDERSON NURSING CENTER**, for which execution may issue, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*